State *v.* Bean.

1. The statute does not require the name of a prosecutor to be endorsed on an indictment for keeping a bawdy house.

## *Appeal from St. Louis Criminal Court.*

William Bean was indicted under the 18th section of article eight of the act concerning crimes and punishments, (R. C. 1845,) for keeping a bawdy house. The indictment charged that the defendant, " on, &c., at, &c., a certain common *house of ill fame* unlawfully and wickedly did keep and maintain," &c. The name of the prosecutor was not endorsed upon the indictment.

At the trial, one witness was called by the state, the substance of whose evidence was, that the defendant kept a coffee house in one of the lower rooms of a house on Almond street, and that the upper part of the house was occupied by Eliza Jackson and other women of reputed bad character ; and that Eliza Jackson had lived in the same house with the defendant, on the levee, before he removed to Almond street. Eliza Jackson, for the defendant, testified that she rented the upper part of the house from him before he removed there himself, and that he had no control over it, and that the lower part was only occupied by himself and his wife.

The following instructions, among others, were given by the court :

" A house can have no character, good or bad ; the jury will therefore exclude the testimony upon that question ; but in passing upon the question whether the house above referred to was used for the purposes of a bawdy house, the characters of the inmates and the persons resorting to the same is proper for the consideration of the jury."

" If the jury believe from the evidence, that the house in question was rented to the witness, Elizabeth Jackson, and that the defendant had no management of that part of the same where the woman lived, they must acquit."

The following instruction, asked by the defendant, was refused :

" The evidence in regard to the reputation of the house must be excluded as illegal."

There was a verdict of guilty.

*Blennerhassett & Shreve*, for appellant. 1. The verdict was manifestly not only against the evidence, but without evidence. 2. The name of the prosecutor should have been endorsed upon the indictment. The requirement of the 22d section of the statute, (R. C. 1845, p. 866,) that the endorsement shall be made in certain cases, does not dispense with the common law requirement in other misdemeanors. 3. The indictment is bad. A common gaming or bawdy house may be indicted, but not a house of ill fame.

*Clover*, (circuit attorney,) for the State. 1. This court will not disturb the verdict as being against the weight of evidence. 2. The name of the prosecutor was not required to be endorsed on the indictment in this case. (Practice and Proceedings in Criminal Cases, art. 3, sec. 23.)

RYLAND, Judge. There is nothing in the record in this case requiring this court to reverse the judgment of the court below. No prosecutor is, by the statute, required to be endorsed on the indictment in such cases as this, and the indictment is substantially good.

The instructions given embraced the law of the case, and

State *v.* Bean.

placed it before the jury fairly. The instruction which the defendant asked, and which was refused by the court, had already been, in substance, given to the jury. As to the evidence, it was the province of the jury to give to it the weight and credence it in their opinion deserved.

The judgment is affirmed; the other judges concurring.