State v. Barnard.

————0————

STATE OF MISSOURI, Respondent, *vs.* W. H. BARNARD, Appellant.

1. *Criminal law—Keeping of bawdy house—Entry by city register of Sedalia—Proceeding under statute against same defendant for same offense—Evidence, how far character of house shown by that of inmates.*—In a criminal proceeding in Pettis County under the statute (Wagn. Stat., 502, § 19), an entry in the records of the city register of the city of Sedalia, that defendant had been found guilty of keeping a bawdy house, where the record further showed that defendant had pleaded "not guilty," and had appealed from the judgment, and there was no evidence in the State trial that the appeal had not been determined, was held inadmissible against the accused, and its introduction on error not cured by an instruction that if an appeal were still pending the facts shown by the record would not authorize a conviction ; and the error will authorize a reversal of the cause. Contrawise, where co-defendants of the accused were shown by the entry to have been arrested by the recorder as inmates of the same house, and to have been convicted, and to have failed to appeal from his judgment, the entry would be admissible for the purpose of showing the character of the house kept by defendant.

*Appeal from Pettis County Circuit Court.*

*Snoddy & Bridges*, for Appellant.

*J. S. Smith , Att'y Gen'l*, for Respondent,

NORTON, Judge, delivered the opinion of the court.

At the January term, 1873, of the Pettis county circuit court the defendant and one Lizzie Cook were indicted, charged with keeping a bawdy house in violation of section 19. (Wagn. Stat. p. 502.)

At a term of said court held in September, 1873, defendants were arraigned for trial, and a separate trial awarded to defendant Barnard on his motion.

The jury returned a verdict of guilty and assessed the punishment at a fine of five hundred dollars, which by the court was reduced to three hundred dollars and judgment entered accordingly.

A motion for new trial and in arrest of judgment were overruled and the case is brought here for review on appeal.

The errors assigned are to the admissions of evidence and the giving and refusing instructions.

The State introduced as a witness one Geet who testified that he was city register and deputy recorder, and had the custody of the city records, and had the records for the city for 1872 in court; that under date of July 1st, 1872, he found an entry against Lizzie Cook for keeping a bawdy house and against Kate Gibson, Alice Woods and others for being inmates of the same, and that the plea entered by them was "guilty;" that under date October 23d, 1872, there was an entry against Lizzie Cook and William Barnard for keeping a bawdy house to which a plea of "not guilty" was entered.   The case was continued several times, was tried by a jury and both defendants found guilty—from which defendant Barnard appealed.

To the introduction of the above evidence defendant objected, which objection the court overruled and admitted the evidence.

This we think was manifest error as to that portion of the evidence relating to the entries concerning the charge against defendant and Lizzie Cook, to which a plea of "not guilty" was entered, and on which there was a trial and verdict of "guilty" by a jury. If a plea of "guilty" instead of "not guilty" had been entered, then the entry might have gone to the jury as an admission on the part of defendant that at the time of the charge, October, 1872, he did keep a bawdy house.   But when the defendant stood in the recorder's court denying the charge, we are at a loss to perceive on

what principle the verdict of "guilty" could be permitted to go to the jury, especially when the judgment was appealed from.

The evidence was well calculated to impress the minds of the jury greatly to defendant's prejudice, and the error committed in receiving it was not cured by the subsequent action of the court in giving an instruction, on defendant's motion, that if defendant pleaded "not guilty," and was on trial found guilty and took an appeal which was still pending, they could not from those facts find defendant "guilty." There was no evidence that the appeal was still pending, and the instruction did not withdraw from the jury the improper evidence admitted, but incorporated for their consideration a question not in evidence. The objections to so much of the evidence of the city recorder as related to the plea of Lizzie Cook and the inmates of the house were not well taken, and that evidence might have been received for the purpose of establishing the character or kind of house the defendant was keeping.

In prosecutions like this it is necessary to show that the house kept was a bawdy house, as one of the elements constituting the crime, and the facts that the inmates of it were confessedly prostitutes strongly conduces to establish it.

It is unnecessary to review the other objections taken to the evidence or instructions except to say that the case was well tried, except in the particular above mentioned; and for the error thus committed the judgment will be reversed and cause remanded; all the other judges concur.