The State v. Webb, *Appellant.*

1. **Change of Venue.** The court which orders a change of venue has power to set aside the order at the same term.
2. **Practice, Criminal:** WAIVER. A plea of guilty and sentence thereon is a waiver of the defense, otherwise valid, of the existence of a former indictment in the same court, for the same offense, which has never been quashed.

*Appeal from Lawrence Circuit Court.*—Hon. Jos. Cravens, Judge.

AFFIRMED.

*Smith & Krauthoff* for appellant.

After the change of venue was granted by the Lawrence circuit court to Barton county, that court was divested of all jurisdiction which immediately attached to the circuit court of the latter county. *State v. Hopper,* 71 Mo. 425; *Henderson v. Henderson,* 55 Mo. 534; *State v. Daniels,* 66 Mo. 192; *State v. Worrell,* 25 Mo. 205; *Frazier v. Fortenberry,* 4 Ark. 162; *Campbell v. Thompson,* 4 Greene (Iowa) 415; *Fisk v. Railroad Co.,* 41 How. Pr. 365; *Brown v. Gilmor,* 8 Md. 322; *Calhoun v. State,* 4 Humph. 477. The order vacating the change of venue is also void, because made in the defendant's absence and without notice to him. *Laughlin v. Fairbanks,* 8 Mo. 367; *George v. Middough,* 62 Mo. 549; *Mulvey v. Carpenter,* 78 Ill. 580; *Keeney v. Lyon,* 21 Iowa 277; *Haley v. Williams,* 8 Sm. & M. 487.

A defendant cannot be required to plead with another indictment for the same offense pending against him. *State v. Smith*, 71 Mo. 45 ; *State v. Patterson*, 73 Mo. 695.

D. H. *McIntyre*, Attorney General, for the State.

HENRY, J.—At the special February term, 1870, of the Lawrence circuit court, the defendant was indicted for murder in the first degree, and at the May term, 1870, he applied for a change of venue, which was granted, and the cause ordered to Barton county. At the same term, defendant having escaped from custody by breaking jail, the order changing the venue was set aside. Subsequently, at the February term, 1877, of the Lawrence circuit court, the defendant was again indicted for the same offense, arraigned, pleaded to the jurisdiction of the court, and also moved to quash the indictment on the ground that a change of venue had been awarded, and that the indictment first found was still pending. The court found against defendant on the plea to the jurisdiction, and also overruled his motion to quash. Thereupon defendant pleaded guilty of murder in the second degree, and was sentenced to imprisonment in the penitentiary for life, and from this judgment has duly prosecuted his appeal.

That the court, at the same term at which an order granting a change of venue was made, could vacate the order, we entertain no doubt ; and when it is said that, " after a change of venue granted, the case is no longer within the jurisdiction of the court awarding the same," it is to be understood that this is so only while the order remains in force. The court certainly has the same power during the term at which it occurred to correct an error made by it in the matter of a change of venue, as with respect to any other order made in the progress of a cause. The only doubt on that branch of this case, arises from the fact that the order was vacated in the absence of the accused, and without any previous notice to him. We shall

not determine the question in that respect, because we deem it unnecessary, as there are other controlling questions on which we entertain no doubt.

There would have been serious error in the trial of the accused on the second indictment, before the first was quashed, if the accused, instead of pleading guilty, had insisted upon his motion to quash. In the *State v. Patterson*, 73 Mo. 695, it was held that notwithstanding a change of venue had been awarded from the county in which the indictment was found to another county, the defendant could be tried upon another indictment for the same offense, subsequently preferred by a grand jury of the former county, provided the original indictment was first quashed. Here the original indictment was not quashed, and, if defendant had not waived the point by pleading guilty to the second indictment, the judgment would have to be reversed. *State v. Smith*, 71 Mo. 45. But having intentionally pleaded guilty to the indictment in a court which had jurisdiction of the cause, it is too late to renew his objection that the first indictment was still pending in the Barton circuit court. The judgment is affirmed. All concur, except SHERWOOD, C. J., who dissents.

*Motion for Rehearing Overruled.*