STATE OF MISSOURI, Respondent, v. J. T. DUDLEY, Appellant.

St. Louis Court of Appeals, February 13, 1894.

1. **Practice, Appellate:** REVIEW OF ORDER FOR CHANGE OF VENUE. An order for a change of venue will not be reviewed on appeal, if it was not objected to in the court which made it.

2. **Criminal Law**: KEEPING A BAWDY HOUSE: SUFFICIENCY OF EVI-
·DENCE. Evidence to establish the character of a bawdy house must
in most cases be inferential, and hence, must be permitted to take a
wide range. And *held*, that the evidence in this case was suffi-
cient.

*Appeal from the Howell Circuit Court.*—HON. W. N.
EVANS, Judge.

AFFIRMED.

*Harris, Miley & Tribble* for appellant.

*T. J. Braswell*, Prosecuting Attorney, for respon-
·dent.

ROMBAUER, P. J.—The information charges the
defendant with keeping a common bawdy house.
(Revised Statutes, 1889, sec. 3811.) The cause origi-
nated before a justice of the peace in Oregon county,
where the defendant was found guilty. He thereupon
appealed to the circuit court of that county, where he
applied for a change of venue on the ground that the
inhabitants of Oregon county were prejudiced against
him. His affidavit stated that "the same state of facts as
above stated existed in the counties of Howell, Ozark and
Shannon." The defendant thereupon prayed that the
venue be changed to some county where the prejudice
did not exist. The court changed the venue to Howell
county. This order was made on the day when the
application was filed, but the record fails to show any
objection to such order on the part of the defendant,
or any exceptions saved. The defendant subsequently
appeared before the Howell county circuit court, and
went to trial there, so far as the record shows, without
any objection. He was tried before a jury, and was
convicted. His complaints on this appeal are, that the
circuit court of Howell county had no jurisdiction to

try him, and that the evidence was insufficient to warrant his conviction.

The first assignment of error must be overruled. Notwithstanding defendant's affidavit and application, he might have been satisfied with the order as made. If not satisfied, he ought to have objected to the order, as the court could then have set the same aside. *State v. Webb*, 74 Mo. 333. Instead of doing so, he appeared in Howell county and announced himself ready for trial. He thereby again waived irregularities, if there were any, in the order changing the venue. *State v. Webb, supra*; *State v. Elkins*, 63 Mo. 159; *Stearns v. Railroad*, 94 Mo. 317. He could not save an exception by motion for a new trial in the Howell circuit court, as that court could not allow any bill of exceptions as to matters which transpired in the Oregon circuit. *Keen v. Schnedler*, 92 Mo. 516. The defendant's counsel have filed an affidavit in this court to the effect that they did object to the Howell circuit court proceeding with the case, but the record in the cause can neither be contradicted nor supplied by *ex parte* affidavits.

Proceeding to the consideration of the second assignment of error, we find that the evidence adduced on part of the state was to the following effect: The defendant kept a boarding house and a saloon on the boundary of the state. The second story of the house occupied by him was frequented by men of questionable reputation. A woman whose reputation for chastity was notoriously bad, and who went by the name of "Missouri Emory," was drinking and playing cards with the callers in the premises upstairs, which contained a bed, to the joint occupancy of which with herself she occasionally invited persons calling at the house. The drinks to the second story were sent up by the defendant from the bar below. Several witnesses, when called by the state, refused to answer, when asked

about their intercourse with the woman in the house.

Evidence to establish the character of a bawdy house must in most cases be inferential from the nature of the case, and hence it must be permitted to take a wide range. 2 Bishop's Criminal Practice, secs. 115, 116. In an early case in this state it was held that the refusal of witnesses to testify, on the ground that answers to questions propounded to them would tend to their own degradation, might be considered by the jury in making up their verdict. *Clementine v. State*, 14 Mo. 112. In *State v. Bean*, 21 Mo. 267, an instruction to the jury that, in passing upon the question whether the house was used for the purpose of a bawdy house, they might consider the character of the inmates and of persons resorting to the same, was approved. In *State v. Barnard*, 64 Mo. 260, the supreme court held that the fact that, the inmates of a house were prostitutes, strongly conduces to establish the fact that the house was a bawdy house. The state's evidence in this case was opposed only by the testimony of the defendant himself, who stated in answer to the question, whether he "did set up and keep a bawdy house," that he did not.

Under these circumstances we would not be warranted in vacating the verdict on the ground that it is unsupported by the evidence.

Judgment affirmed. All concur.