THE STATE OF MISSOURI, Respondent, v. MAUD PRICE, Appellant.

Kansas City Court of Appeals, January 8, 1906.

1. CRIMINAL LAW: Bawdy-House: Evidence. In a prosecution for keeping a bawdy-house the evidence of the reputation of the defendant and other females of the house and of the men visiting the place is admissible.

2. ———: ———: Instructions: Conjunction. On reviewing an instruction set out in the opinion it is held the conjunctive would have been preferable to the disjunctive conjunction, but that the interpretation attempted to be made by the defendant is strained and hypercritical, especially when taken in connection with other instructions.

3. ———: ———: ———: ———. Instructions should not deal in abstractions nor comment upon the evidence.

Appeal from Ray Circuit Court.—*Hon. Joshua W. Alexander*, Judge.

AFFIRMED.

*J. L. Farris, Jr.*, and *M. G. Roberts* for appellant.

(1) The evidence in regard to the reputation of the defendant for chastity, when she had not put her reputation in issue, should not have been admitted, for it is a rule firmly and universally established in sound policy and tradition that the prosecution cannot initially attack the defendant's character. State v. Douglas, 7 Ia. 411; State v. Hull, 18 R. I. 207, 26 Atl. 191; State v. Berry, 24 Mo. App. 471; Rice Criminal Evidence, sec. 371, page 397. (2) Instruction numbered 1 on the part of the State heralds a new doctrine in the law of the State of Missouri. It tells the jury that it is sufficient in order to convict that the house was frequented by lewd men alone, while every definition of a bawdy-house declares that it must have both lewd men and women. It is not sufficient that the house be frequented by lewd men. State v. Horn, 83 Mo. App. 50; Kelly's Criminal Law, page 661, sec. 956. (3) After refusing instructions offered by the defendant, the court was asked to give instructions covering the whole law of the case, and this was refused and duly excepted to. Defendant is in the attitude of making, at the hands of this court, an investigation of the whole law of the case. State v. Patrick, 107 Mo. 147; State v. Matthews, 20 Mo. 55; State v. Sharp, 106 Mo. 106; State v. Nelson, 118 Mo. 124.

*Albert P. Hamilton* and *George W. Crowley* for respondent.

(1) No error was committed in admitting in evidence the testimony as to the reputation of the defendant for chastity, she having been first shown to be an inmate of the house. State v. Horn, 83 Mo. App. 50; State v. Barnard, 64 Mo. 262; State v. Dudley, 56 Mo. App. 453;

Wigmore on Evidence, sec. 78 note 3. (2) Instruction numbered 1, complained of in appellant's second paragraph of her brief informs the jury fully as to the law on the point raised, and said instruction has been sustained by this court in the following case: State v. Dudley, 56 Mo. App. 450. See reference to State v. Dudley in Pattison's Instructions in Criminal Causes, sec. 405, p. 227. (3) Instructions numbered 1, 2, 3 and 4 given at the request of the respondent, and instructions num-. bered 1 and 2 given at the request of appellant, covered each and every phase of the law applicable to the facts in the case.

JOHNSON, J.—Defendant was charged with the offense of keeping a bawdy-house and upon trial convicted. The evidence introduced by the State strongly supported the charge and justified its submission to the jury. Defendant offered no evidence.

The State, over the objection of defendant, was permitted to show the reputation of defendant and the other female inmates of the house kept by her for chastity and also that of the men who visited the place. It is objected that, as defendant did not put her character in issue, the State could not and, therefore, evidence of her reputation in the community offered by the prosecution should have been excluded. The point is not well taken. If defendant's unchaste acts were the subject of the offense, the evidence would not be admissible for other purposes than that of impeachment, for the fact of her ill repute would have no tendency to prove specific acts of sexual misconduct, but the offense here charged is that of keeping a resort for the commission of acts of prostitution. The character of the place is an elemental fact that may be established by direct evidence or by other facts and circumstances, from which it results as a necessary conclusion.

The fact that women inhabit or frequent a house and are visited there by different men in a manner not

recognized by social usage, makes the bad fame of inmates and visitors an evidentiary fact, which, when established, is very persuasive evidence that the place is used for the purposes of prostitution and intended to be so used by the person in charge. [State v. Barnard, 64 Mo. 260; State v. Dudley, 56 Mo. App. 450; Wigmore on Evidence, sec. 78.] The necessary predicative facts appear in the record before us and, under the rule announced, evidence of defendant's general reputation for sexual immorality was admissible.

Defendant complains of the first instruction given on behalf of the State. It is as follows: "If the jury find and believe from all the facts and circumstances in evidence beyond a reasonable doubt that Maud Price at any time within one year prior to the 19th day of October, 1904, the date of the finding of the indictment in this case, at Ray county, Missouri, did set up, keep or maintain a common bawdy-house, commonly called a house of ill-fame, and *did willfully and knowingly keep or suffer to remain in and about her house lewd women, or men, for the purpose of prostitution,* or permit them to come together and meet or remain there for the purpose of having illicit sexual intercourse with each other, then you should find the defendant guilty and assess her punishment at a fine of not less than two hundred dollars, nor more than one thousand dollars."

The direction criticised is contained in the italicized words. It is argued that by the employment of the disjunctive "or" instead of the conjunctive "and," the jury, in effect, was told to pronounce defendant guilty if they found that she suffered either lewd women or men to remain in her house without requiring the additional finding that the house was permitted to be used as the meeting place for immoral purposes of lewd people of both sexes. The use of the conjunctive would have been preferable, but, considering the instruction as a whole, the interpretation placed upon it by defendant is strained and hyper-

critical, especially so under the definition found in the State's third instruction, "that a bawdy-house is a house of ill fame kept for the resort and commerce of lewd people of both sexes." It is very clear that the jury was directed to find that the place was maintained by defendant for the illicit intercourse of lewd people of both sexes. The furnishing of the meeting place and opportunity for the commission of sexual offenses and the presence there of lewd men and women are all the facts that need be shown to stigmatize the place as a bawdy-house. The perpetration of acts of sexual misconduct may be presumed from the existence of such conditions.

The instructions given fairly present the law of the case. No error was committed in the refusal of defendant's fourth and seventh instructions. The first of these dealt with an abstraction in no manner material to the issues joined and, for that reason, should not have been given; and the other singled out and commented upon a fact in proof and, indeed, distorted it out of all semblance to that appearing in the uncontradicted testimony of the witnesses.

No error is found in the record and the judgment is affirmed. All concur.