# THE STATE OF MISSOURI, Respondent, v. JAMES A. STAMPER, Appellant.

### Kansas City Court of Appeals, March 29, 1909.

1. **DRUGGISTS: Selling Liquor: Verdict.** A verdict which finds the defendant guilty and assesses his "fine" is somewhat informal, since "punishment" would be the better word, but it is nevertheless substantially sufficient.

2. **———: ———: Clerk: Prescription: Instruction.** An instruction told the jury if the defendant's clerk sold the liquor the defendant was guilty unless it was further found that the sale was contrary to the order of the defendant and without his knowledge and consent *and* that he had a prescription, etc. *Held*, error since the conjunctive "and" cast upon defendant the burden of proving that the sale was not only contrary to his order but that he had a prescription of a physician authorizing him to make the sale.

Appeal from Ray Circuit Court.—*Hon. Francis H. Trimble*, Judge.

REVERSED AND REMANDED.

*George W. Crowley* for appellant.

(1) The statute requires that when a person is on trial for a criminal offense, if there is a conviction, the jury must by verdict assess his punishment. This section also requires the court to render judgment according to such verdict, which certainly means that the judgment shall be rendered as a punishment. R. S. 1899, secs. 2648, 2649, 2650, 2651, 2652. (2) The verdict is absolutely without fact to base it upon. The State's testimony and defendant's testimony showed that the sale in question was made in defendant's absence and without his knowledge and against his positive instructions. This being true there was no evidence upon which to base the verdict. The verdict is

not only against the weight of the evidence but against all of the evidence. 111 Mo. 204; 110 Mo. 398; 73 Mo. 181; 71 Mo. 475. (3) Reversible error was committed by the court in giving instruction number 3, on the part of the State as it imposed upon the defendant the burden of establishing a double defense that the sale was made contrary to the order of the defendant and without his knowledge and consent and that he had a prescription from a regularly registered and practicing physician, thus requiring a double defense in the instruction.

*Maurice G. Roberts* for respondent.

(1) The verdict was adequate in both form and substance for the language of a verdict is that of the "lay people" and it need not follow the strict rules of pleading or be technical. Whatever conveys the idea to the common understanding is sufficient and all fair intendments will be made to support it. Bishop on Criminal Procedure (4 Ed.), sec. 1005a, p. 626; State v. Jones, 106 Mo. 302; Cordage Co. v. Yeargain, 87 Mo. App. 561; State v. Robb, 90 Mo. 30. Besides the judgment based upon the verdict was in proper form. State v. Thornhill, 174 Mo. 364. (2) There was substantial evidence of the defendant's guilt and the defendant's contention now that there was no substantial evidence of his guilt is refuted by his own position taken during the course of the trial. (3) Defendant complains of the word "and" in instruction 3. Such trivial error could not have misled the jury, when the offense was so completely defined in other instructions.

BROADDUS, P. J.—The defendant, the proprietor of a drugstore in Lawson, Ray county, Missouri, was indicted for the illegal sale of liquor. A witness testified that he bought whisky at defendant's store in the summer of 1907, from Henry Gordon, a clerk in

defendant's employ. The defendant testified that he had given his clerk instructions not to sell liquor without the written prescription of a physician. The jury returned the following verdict, "We, the jury, find the defendant guilty as charged in the first count and assess his fine at the sum of ($100) one hundred dollars."

The defendant contends, first, that the verdict is too informal and insufficient to sustain the judgment. The verdict is somewhat informal for omission to use the word *punishment* after the words *assess his,* but we believe it is substantially sufficient. The verdict sets forth that they find him guilty and assess his fine at $100. It being certain, it was sufficient. [Plymouth. Cordage Co. v. Yeargain, 87 Mo. App. 561; State v. Robb, 90 Mo. 30.]

The court gave a number of instructions on each side. Defendant complains of instruction numbered three given for the State which reads as follows: "If you find from the evidence that any person, while in the employ of the defendant as clerk in his drugstore, sold at said drugstore intoxicating liquors in less quantity than four gallons, you should find the defendant guilty, unless you further find that such sale was made contrary to the order of defendant and without his knowledge and consent *and* that he had a prescription from a regularly practicing physician; the burden of proving, however," etc.

The objection is to the use of the conjunctive word *and* instead of the disjunctive word *or,* which cast upon defendant the burden of proving the sale was not only contrary to his order, but, also, that he had the prescription of a physician authorizing him to make the sale. We think the objection is well taken. It was a substantial error calculated to mislead the jury to the defendant's prejudice. And there is no other instruction given on the part of the State or of the defendant correcting the error. The case of State v. Price, 115

Mo. App. 656, cited by the State to show that the error was harmless, has no application to this case, because of a wholly different state of facts appearing in this case. For the error noted, the cause is reversed and remanded. All concur.