STATE OF MISSOURI, Respondent, v. JUDITH HARDY, Appellant.

St. Louis Court of Appeals. Submitted April 27, 1909. Opinion filed June 8, 1909.

1. **APPELLATE PRACTICE: Criminal Law: Failure to Perfect Appeal Within Six Months.** Where the appellant has failed to pay the docket fee in this court and has failed to perfect his appeal within six months, a motion to dismiss the appeal, under section 2717, Revised Statutes 1899, might well be sustained, but in this case, the court prefers to overrule the motion and to consider the appeal on its merits.

2. **CRIMINAL LAW: Instructions: Refusal of Witness to Testify.** In a prosecution for keeping a bawdy house, an instruction which charged the jury that in arriving at their verdict they might take into consideration the refusal of a witness to answer a question on the ground that his answer would tend to his degradation, correctly states the law.

Appeal from Greene Criminal Court.—*Hon. A. W. Lincoln,* Judge.

AFFIRMED.

*Heffernan & Heffernan* for appellant.

*Roscoe C. Patterson* for respondent.

REYNOLDS, P. J.—This is a prosecution by information, duly verified by the prosecuting attorney of Greene county, filed in the criminal court of that county charging defendant and two others with keeping a common bawdy house, in violation of section 2197, Revised Statutes 1899.

On a trial before the court and jury this appellant. was convicted and fined, sentence of fine duly entered, motion for new trial and in arrest filed and overruled, exceptions saved and appeal duly taken.

No briefs or arguments are filed on either side, but the prosecuting attorney has filed a motion to dismiss the appeal for failure of defendant to pay the docket fee in this court and to perfect her appeal within six months from the time the appeal was granted.     We might sustain this motion under the provisions of section 2717, Revised Statutes 1899, but have preferred to consider the appeal on its merits, and to overrule that motion.

There was testimony in the case upon which the jury was warranted in finding this defendant guilty as charged.    As usual in cases of this kind, the evidence establishing the character of the women found in the house is largely inferential, but reading it, we consider it sufficient to sustain the verdict.    There was testimony as to the bad character of these women.

A witness, while under examination, refused to answer a question propounded him, on the ground that to answer would tend to his degradation.    The court instructed the jury that this refusal might be considered by the jury in making up their verdict.    This instruction was objected to as well as all the others given, and exception saved to the refusal to give certain instructions asked by defendant.    The instructions given are

in usual form and fully covered the facts and correctly stated the law. We see nothing in the case to warrant a reversal. The law applicable to this case, is so fully set out in State v. Dudley, 56 Mo. App. 450, that we are satisfied to refer to that case, and on its authority the judgment of the criminal court of Green county is affirmed. All concur.