## The People of the State of Illinois, Defendant in Error, v. Thomas Newbold, Plaintiff in Error.

## Gen. No. 18,623.

1. DISORDERLY HOUSE—*judgments of convictions of patrons admissible*. In a prosecution for keeping a disorderly house in violation of R. S. ch. 38, §57, where transcripts of judgments of convictions, prior to defendant's arrest, of patrons of his hotel for patronizing a common, ill-governed and disorderly house, together with the complaints and records of the Municipal Court, showing papers filed, writs issued and orders entered in each case, are admitted in evidence, upon defendant's objection to the testimony of the police officer making such arrests as not the best evidence, the admission of such records is proper as tending to show the character of defendant's hotel and its guests, and even if improper will not reverse when merely cumulative.

2. DISORDERLY HOUSE—*evidence as to prior events competent*. In a prosecution for keeping a disorderly house, evidence as to events occurring in the house while kept by defendant, prior to the time alleged in the information, is competent.

3. DISORDERLY HOUSE—*evidence of lewd conversations competent*. In a prosecution for keeping a disorderly house, evidence of a lewd conversation between a man and two girls in defendant's barroom, even though the conversation was not in the presence of defendant, is admissible to show the character of the women who made the house a stopping place.

4. INSTRUCTIONS—*copy of civil rights act*. An instruction substantially a copy of the civil rights act, sections 42i and 42j of the Criminal Code, without explanation or qualification, when misleading under the evidence, is properly refused.

5. INSTRUCTIONS—*calling attention to particular witnesses*. An instruction to the effect that greater care should be exercised "in weighing the testimony of informers, detectives and other persons specially employed to hunt up evidence, than that of disinterested witnesses," because of its obvious assumptions and because it falls within that class of instructions which call attention to particular witnesses, is properly refused.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 6, 1913.

JOSEPH B. FLEMING and CHARLES S. KNUDSON, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ZACH HOF-HEIMER, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

Plaintiff in error was found guilty, by a jury in the Municipal Court, of keeping a disorderly house in violation of section 57, chapter 38 of the Revised Statutes. Upon the trial he admitted that he ran a hotel, restaurant and bar at the place in question, but denied all knowledge of any improper conduct on the part of his guests and patrons, and denied that he leased rooms for immoral purposes. It was proved, however, beyond any reasonable doubt, that immoral practices were common in his hotel, and without reciting the facts, it will suffice to say that we think the verdict was fully justified by the evidence, and should not be disturbed unless prejudical error was committed of such a nature as to deprive the plaintiff in error of some substantial right.

The chief complaint urged is that the trial court admitted in evidence, over the defendant's objection, five transcripts of judgments in the Municipal Court, showing that prior to defendant's arrest, five persons were convicted of "patronizing a common, ill-governed and disorderly house" (naming the house in question), and also introduced the complaints and "half-sheets" (records of the Municipal Court), showing the papers filed, writs issued and orders entered in each of said cases. Prior to the admission of these records, a police detective had testified that on a certain night in February, 1912, he, with other officers, had arrested "a number of couples" whom they found in the house, took them to the police station and "booked" them; and defendant's counsel having objected to the evidence on

the ground that the records were the best evidence, the State's Attorney then introduced the records of the convictions of those persons.   Evidence as to events occurring in the house while kept by defendant prior to the time alleged in the information was competent (Parker v. People, 94 Ill. App. 648) and we are inclined to hold that the records were also admissible as tending to show the character of the hotel and its guests. State v. Barnard, 64 Mo. 260.   But if it be conceded that they were inadmissible and that the court erred in admitting them, we do not think the judgment should be reversed merely on account of that error, for the reason that there was an abundance of other evidence showing the character of the hotel kept by defendant and of its patrons, and hence the evidence of the records was merely cumulative.

Error is also assigned upon the admission in evidence of a lewd conversation between a man and two girls in defendant's bar room.   Such evidence has been held admissible, even though the conversation was not in the presence of the defendant, to show the character of the women who made the house a stopping place. State v. Toombs, 79 Iowa 741.

An instruction which is substantially a copy of a portion of section 42i and 42j of the Criminal Code (commonly called the "civil rights act") was offered by defendant and refused by the court.   Under the evidence in this case, such an instruction would have been misleading if given without explanation or qualification, and it was not error to refuse it as offered. Nor was it error to refuse the offered instruction to the effect that "greater care should be exercised in weighing the testimony of informers, detectives, and other persons specially employed to hunt up evidence than in the case of witnesses who are wholly disinterested," because of its obvious assumptions, and because it falls within that class of instructions which call attention to particular witnesses.   People v. Campbell, 234 Ill. 391; Hronek v. People, 134 Ill. 139.

Several other minor points are urged, but we think they are without merit.

Finding no prejudicial error among the errors assigned and discussed, the judgment of the Municipal Court will be affirmed.

*Judgment affirmed.*