### UNITED STATES v. CLARK.

#### No. 17847.

United States District Court
W. D. Missouri.

Nov. 15, 1950.

7. U. S. v. United Shoe Machinery Corp., D.C.Mass.1950, 93 F.Supp. 190; U. S. v. Imperial Chemical Industries Ltd., D. C.S.D.N.Y.1950, 8 F.R.D. 551.

Sam M. Wear, U. S. Atty., Kansas City, Mo., John H. Mitchell, Washington, D. C., and Charles Mahaffie, Sp. Asst. to Atty. Gen., for plaintiff.

Trusty, Pugh & Green, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Counsel for defendant have filed a motion for a bill of particulars. There are five counts in the indictment covering deficiency in income tax returns for the years 1944, 1945, 1946, 1947 and 1948. The language of the motion is the same as to each count. The indictment is in short form and conforms to the provisions of Rule 7, Federal Rules of Criminal Procedure, 18 U.S.C.A. By paragraph (c) of this rule it is provided that: "The indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the

offense charged." The offense charged in the several counts of the indictment is that, on dates named, the defendant "did willfully and knowingly attempt to defeat and evade a large part of the income tax due and owing by him to the United States of America for the calendar year * * *, by filing and causing to be filed with the Collector of Internal Revenue for the Sixth Internal Revenue Collection District of Missouri, at Kansas City, a false and fraudulent income tax-return wherein he stated that his net income for said calendar year was the sum of * * *, and that the amount of tax due and owing thereon was the sum of * * *, whereas, as he then and there well knew, his net income for said calendar year was the sum of * * *, upon which said net income he owed to the United States of America an income tax of * * *. In violation of Section 145(b), Internal Revenue Code; 26 U.S.C. section 145(b) [26 U.S.C.A. § 145(b)]."

Quite clearly this informs the defendant of the nature of the charges against him.

■ 42 C.J.S., Indictments and Informations, § 156, page 1092, and the following pages, give a textual statement of the right to a bill of particulars. At page 1096 it is said: "Accused is generally entitled to a bill of particulars where the charges of a valid indictment are nevertheless so general in their nature that they do not fully advise him of the specific acts with which he is charged, so that he may properly prepare his defense and avoid surprise at the trial; * * *."

In a very few words the indictment informs the accused that he wrongfully minimized his income tax for the years named in the indictment. The indictment follows the language of the statute and affords to the accused full information as to the nature of the charge. The language above quoted is followed by this language: " * * * and when the charge in the indictment is too general and indefinite to apprise accused of the cause and nature of his accusation without the aid of a bill of particulars, it is error for the trial court to refuse to require such bill."

There is nothing indefinite or vague about the accusation in this case. The

defendant is definitely and clearly informed of his failure to make proper income tax returns for the years named. At page 1097, 42 C.J.S., supra, the rule is quite well stated: "The motion ordinarily should be allowed only where the charges of an indictment are so general that they do not advise accused of the specific acts of which he is accused, and the court feels that the bill should be furnished him, so that he may properly prepare his *defense; where the indictment * * * informs accused of the crime sufficiently to enable him to prepare his defense, a bill of particulars need not be required.* (Emphasis mine.) A request for a bill of particulars seeking the disclosure of the evidence of the prosecution or the theory under the indictment on which the prosecution intends to go to the jury, ordinarily will be denied, * * *."

The above text is in accord with prevailing opinions of the courts and is a digest of such opinions, both state and national.

 In the case of Landay v. United States, 108 F.2d 698, loc. cit. 703, the Court of Appeals for the Sixth Circuit, used language applicable to this case: "The request for the bill was sweeping, and if granted, would have forced the Government to reveal its evidence in advance of the trial. This is not the function of a bill of particulars. Mulloney v. United States, 1 Cir., 79 F.2d 566; Robinson v. United States, 9 Cir., 33 F.2d 238, 240; Stumbo v. United States, 6 Cir., 90 F.2d 828."

This was followed by the statement: "The matter lies peculiarly within the discretion of the trial court (Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545; * * *.)"

In this circuit the Court of Appeals, in Hewitt v. United States, 110 F.2d 1, 5, quoted approvingly from Cochran and Sayre v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 39 L.Ed. 704, in part as follows: " 'The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and

certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction".' "

It is needless to multiply authorities. The foregoing state the law. Under such circumstances the defendant is not entitled to have his motion sustained and same should be and will be overruled.