STATE of Missouri,
Plaintiff–Respondent,

v.

Lonnie HOLLIS, Defendant–Appellant.

No. 15271

Missouri Court of Appeals,
Southern District,
Division Two.

May 5, 1988.

Steven Privette, Oregon County Pros.
Atty., Alton, for plaintiff-respondent.

Roy W. Brown, Bruce B. Brown, Brown
& Brown, Kearney, for defendant-appellant.

PREWITT, Presiding Judge.

Following jury trial defendant was convicted of possessing an illegally taken wild turkey in violation of § 252.040, RSMo 1986, and 3 CSR 10–7.455. The jury declared his punishment at thirty days in the county jail and a $500.00 fine. Judgment was entered accordingly. Defendant appeals.

In one of his points defendant contends that the trial court erred in overruling his motions to dismiss because the information did not apprise him of the acts or offense with which he was charged as it failed to set out with particularity any act alleging the illegality of the taking of the turkey and failed to allege that the turkey was "wild".

The information was on a form apparently used by conservation agents. It charged that defendant "did unlawfully commit the following offense contrary to the statutes of the State of Missouri, Section 252.040 RSMO 1978, and/or the rules and regulations of the Missouri Conservation Commission, Rule 3CSR10 7.455 to wit: *Did committ Class B Misdemeanor of Possess Illegal taken turkey.*"

■ The same strictness in charging an offense is not required in misdemeanors as is required in felonies; where the statute defines the offense, an information charging the offense in the language of the statute is sufficient. *State v. Smith*, 310 S.W.2d 21, 23–24 (Mo.App.1958); *State v. Granger*, 199 S.W.2d 896, 899 (Mo.App. 1947). Nevertheless, the information here is defective.

■ An information must allege all elements of the crime intended to be charged and such elements cannot be supplied by intendment or implication. *State v. Voyles*, 691 S.W.2d 452, 454 (Mo.App.1985). "The test of the sufficiency of an information or indictment is whether it contains all the essential elements of an offense as set out in the statute and clearly apprises the de-

fendant of the facts constituting the offense." *State v. Toney*, 680 S.W.2d 268, 278 (Mo.App.1984). The averment of a legal conclusion is not the statement of an issuable fact and is treated as no statement at all. *City of Independence v. Peterson*, 437 S.W.2d 168, 169 (Mo.App.1968).

█ The information did not state what was illegal about the manner in which the turkey was taken. There were no facts stated by which defendant could tell how it was claimed by the state that the turkey was taken illegally. The information was thus defective. We need not reach the question of whether it was essential that the information allege that the turkey was "wild".

The judgment is reversed and the cause remanded with directions to enter an order dismissing the charge.

FLANIGAN, J., concurs.

MAUS, J., concurs in the result.

HOGAN, J., not participating.