# Sparks *v.* The State.

### *Keeping a Disorderly House.*

1. *An arrest of judgment is made only on matters of record.*—A motion in arrest of judgment must be founded on matters appearing of record. Errors which the court may commit in the progress of the trial, which is not necessarily shown by the record, may be the matter of an exception or ground of a motion for a new trial, but not of a motion in arrest of judgment.

2. *A common law indictment is valid under the Code.*—An indictment good at common law for a common law offence, is sufficient under our statutes.

3. *The intendment of an indictment as to venue must be sustained by proof.*—It is an intendment, or implication of law that the offence stated in any indictment was committed in the county in which the indictment is found; but a failure on the trial, to support by evidence the intendment or implication, is fatal.

4. *A peremptory challenge is not allowed after juror has been accepted by both parties.*—A peremptory challenge of a juror will not be allowed after the solicitor and the defendant have each expressed satisfaction with the jury as organized. But a challenge for cause may be permitted, if the cause existed and was not sooner discovered or improperly withheld.

5. *The opinion of a witness as to the character of a house is not legal evidence.*—If, on the trial of a person indicted for keeping a bawdy-house, it is proven that the house is frequented by persons of dissolute habits, and its inmates are reputed to be lewd, it is permissible to show that the character of the defendant for chastity is bad. But the opinion of witnesses that the house is a bawdy-house, or a nuisance, is not admissible as evidence.

6. *The judge must pay strict attention to the evidence.*—It is the duty of a judge, both in civil and criminal cases, to give strict attention to the evidence ; and to propound to the witnesses such questions as he may deem necessary to elicit any relevant and material evidence, without regard to its effect upon the interests of either party; the development and establishment of the truth is his purpose and duty.

7. *The questions of a judge or juror should arise out of the evidence.*—The questions a judge, or juror, propounds to witnesses should be such as are suggested by the evidence given on trial.

8. *The judge should not converse with witnesses privately.*—It is not within the province of a judge to converse privately, either in or out of court, with a witness, to ascertain whether he has knowledge of particular facts; or to suggest to the witness, after his examination, that there are facts, other than those to which he has testified, within his knowledge.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. JOHN HENDERSON.

At the spring term, 1875, of the Circuit Court of Talladega county, the defendant was indicted for keeping a disorderly house. To this charge the defendant pleaded not guilty. When the case was called and was ready for trial, the court

directed it to be tried by one of the panels of regular jurors, that had been impanelled and sworn to serve for the week. In the jury-box was seated a juror named Benjamin W. Nunis. The court asked the solicitor if he was satisfied with the jury? He replied, "he was." The defendant was then asked if she was satisfied with the jury, and replied by challenging three jurors. But Nunis still remained in the jury-box. The places of the challenged jurors were supplied, by calling three jurors from the other panel that had also been' sworn to serve for the week. To the question of the court, the solicitor of the State answered, he was satisfied with the jury. The defendant made the same reply. But just before the indictment was read to the jury, the solicitor asked permission to challenge the said Benjamin W. Nunis, who was one of the jurors that had been accepted. To this action the defendant objected; but the court overruled the objection, and the defendant excepted. The solicitor then challenged Nunis peremptorily; and the defendant excepted. One Thomas W. Curry was put in the place of Nunis. To this action the defendant objected; but the objection was not sustained, and the defendant excepted. Curry was not challenged by either party.

A witness was introduced by the State, and asked if he knew the general reputation of the defendant for chastity?

He replied that he did. The solicitor then asked whether the reputation of the defendant was good or bad. He answered, it was bad. To each of the foregoing questions and answers, the defendant objected; the objections were disallowed, and the defendant excepted.

The witness also testified, that the house occupied by the defendant had the reputation of being a house of ill-fame. To this evidence the defendant objected; the objection was not sustained, and the defendant excepted.

One Wood was then introduced and examined by the State. The defendant declined to cross-examine him. When he was retiring from the stand, the "presiding judge beckoned to him, that he wished to speak with him." The witness approached, and "got up and leaned over the judge's stand," and some words were exchanged between the witness and the judge in a whisper. What was said, was not heard by any member of the jury, or by the defendant, or by her counsel. The court then told the witness if he knew any fact or circumstance, not already stated, that would tend to show the character of the defendant, or that of the house, to state it. The defendant objected to the question; the objec-

tion was overruled, and the defemdant excepted. The witness then answered, that " he had reason to believe that his son was in the habit of visiting the house of the defendant; and on one occasion he and his wife saw their son going to the house of the defendant, and that his wife went there to get their son away; that witness followed her, and while standing at the gate near the house, he heard loud and angry talking in the house of defendant between his wife and some one in the house." To this evidence the defendant objected; her objection was overruled, and she excepted.

On the cross-examination of one of the State's witnesses, who was a policeman, the defendant " proposed to prove that when the witness told the defendant he came to her house, by reason of her message, to remove persons making noise, that she said the persons making noise were doing so against her consent, and that she wanted to be relieved of the persons and the noise they were making." The solicitor objected to such proof; the objection was sustained, and the defendant excepted.

The court, after giving a charge requested by the defendant, said that " all the statements contained in the indictment need not be proven, in order to find the defendant guilty; all that is necessary to be proven, is enough to make out the offence charged." To this the defendant excepted.

The jury retired and returned, and, in reply to a question asked by the foreman, the court said, " that if they believe, from the evidence, that the defendant kept a house at which she permitted people of different sex to meet and have illicit intercourse; and that it was in such an open and notorious manner as to affect the morals of the people about where the house was situated, and that it affected the morals of the young men, the defendant would be guilty as charged." To this the defendant excepted.

The jury returned a verdict against the defendant, of guilty, as charged in the indictment. Thereupon, the defendant made a motion " to set aside the verdict and judgment" and " arrest of judgment, on the following grounds:" *First,* the court erred in its charge, and in the admission of evidence; *second,* the verdict of the jury was against the weight of evidence; *third,* that Curry, " one of the jurors who tried the case, was not a regular juror for the week, or a tales juror for the day, or a juror in this case; *fourth,* the court erred in permitting the State to challenge the juror Nunis after he had been accepted by both parties; *fifth,* the court erred in consulting with the witness Wood after the defendant

had declined to cross-examine him, and then in examining him; *sixth*, the indictment is deficient, because it does not contain an indictable offence, and contains facts and conclusions which are parts of different offences; and does not identify the offence as to locality, as required by law."

The motion " was, in all things, overruled."

JOHN T. HEFLIN, for appellant.—The juror Nunis having been twice accepted by the State, and then by the defendant, could not be challenged for cause, and a *fortiori* could not be challenged peremptorily.—3 Stewart, 454; 2 Ala. 275; 28 Ala. 25.

The admission of evidence proving the general reputation of the defendant for chastity, and the reputation of her house as a house of ill-fame, was an error. The indictment under which the defendant was tried, is for keeping a disorderly house, and not for keeping a brothel. While it is true that all bawdy-houses are nuisances, it is not true that, in law, all disorderly houses are brothels. Therefore, the evidence should not have been admitted. This is true, even if defendant had been indicted for keeping a brothel.—55 Ala. .217; *Nan Toney v. The State*, present term.

It was an error for the judge to renew the examination of the witness, after it had been closed by the solicitor. The question asked was illegal.—Authorities *supra.*

The court erred in permitting the witness Wood to testify to the motive of Mrs. Wood in going to the house of the defendant, which he could not know.—36 Ala. 120; 9 Ala. 875; 8 Ala. 647; 5 Ala. 546.

There is error in the refusal to give the charge asked by the defendant, and in the qualification of the charge given by the court.—43 Ala. 45; 52 Ala. 328, *et seq.*

The charge given by the court in response to the inquiry of the juror, is abstract. The defendant was not indicted for keeping a brothel. The additional charge, that all houses of ill-fame are injurious to the morals of young men, does not correctly state the law of the case.

The charge that the reputation of the house could be considered by the jury as evidence on which to base a conviction, is an error.—55 Ala. 217.

The motion in arrest of judgment should have been sustained, because the indictment was insufficient; because it did not allege the house was kept for lucre or gain, and because it does not state the locality of the house.—2 Bish. Cr. Pro. § 231.

JOHN W. A. SANFORD, Attorney-General; *contra.*

PER CURIAM.—1. A motion in arrest of judgment must be founded on matter appearing of record. Because of matter extrinsic, it is not granted.— *Williamson v. Br. Bank Montgomery,* 3 Ala. 504. Errors which the court may commit in the progress of the trial, in the admission or rejection of evidence, or in instructions given or refused, or in reference to any matter, which is not necessarily shown by the record,. may be the matter of an exception, or ground of a motion for a new trial, but not of a motion in arrest of judgment. We pass over all the grounds assigned for the arrest of judgment, except the two relating to the sufficiency of the indictment. The indictment conforms substantially to the form given by Archbold, for the common law nuisance of keeping a bawdy-house. The only material departures are, the omission to charge the locality of the house and that it was kept for *lucre and gain.* The allegation that the house was kept for *lucre* and *gain,* was regarded as unnecessary in the common law indictment.—2 Bish. Cr. Pr. § 108. An indictment good at common law, for a common law offence, is sufficient under our statutes. An averment of the particular parish in which the house was situate, was contained in the form of indictment at common law; and according to some authorities, the averment when made, was matter of description, which must be precisely proved. Whether it was a necessary averment, on authority, it is difficult to say. The offence is not defined by statute—it remains a common law misdemeanor—nor is the punishment particularly specified. On conviction, the only punishment is a fine, not exceeding five hundred dollars, to which imprisonment, or hard labor for the county, for a time not exceeding six months, may be added.—Code of 1876, § 4447. There occurs to us no sound reason for requiring an averment of the particular locality of the house, except as a statement of the venue of the offence. The statute dispenses with allegations of venue; requiring that on the trial it should be proved.—Code of 1876, § 4787. It is an intendment, or implication of law, that the offence stated in any indictment was committed in the county in which the indictment is found; a failure on the trial, to support by evidence the intendment, or implication, is as fatal, as if the averment of venue, was positive and precise.

2. The juror Nunis was of the regular panel which was in the jury-box when the cause was called for trial. If he was subject to challenge for cause, it is not disclosed by the

[Sparks v. The State.]

bill of exceptions. A peremptory challenge came too late, after the solicitor and the defendant had each expressed satisfaction with the jury as organized. A challenge for cause, if it had been satisfactorily shown, the cause existed in fact and was not sooner discovered, nor improperly withheld, would not have been too late.—*Smith v. State*, MSS.

3. Accompanied by evidence, (which appears to have been given) that the defendant held herself out, as having control over, managing and keeping the house, and that it was frequented by persons of dissolute habits, and that the reputation of its inmates for chastity was bad, it was permissible to show that the character of the defendant for chastity was bad. But it was not permissible to prove that the reputation of the house, was that of a house of ill-fame.— *Wooster v. State*, 55 Ala. 217; *Nan Toney v. State*, MSS. Nor is the opinion of witnesses that the house is a bawdy-house, or a nuisance, admissible as evidence.—*Smith v. Commonwealth*, 6 B. Mon. 21.

4. It is the duty of a presiding judge, in all cases, civil or criminal, to give strict attention to the evidence. And it is also his duty, to propound to the witnesses such questions as he may deem necessary to elicit any relevant and material evidence, without regard to the effect of such evidence, whether it may benefit or prejudice the one party or the other—the development and establishment of the truth, is his purpose and duty. But we cannot regard it as within his province to converse privately, either in, or out of court, with a witness, to ascertain whether he has knowledge of particular facts; or to suggest to the witness, after his examination, that there are facts, other than those to which he has testified, within his knowledge. A juror would not be allowed to call a witness to him, and privately inquire as to his knowledge of facts, and then so shape his questions as to elicit the facts of which he had made inquiry. The questions a judge, or a juror, propounds to a witness, should be such as are suggested by the evidence given on the trial. We would hesitate to affirm any judgment of conviction, supported by evidence elicited from a witness, on an examination by the presiding judge, after a private inquiry of the witness, by the judge, as to his knowledge of the facts of the case. Especially, if as in this case, the witness had been examined in chief for the State, and the defendant had declined to cross-examine him, before the inquiries and examination of the judge. We do not impute, or intend to impute intentional impropriety to the presiding judge. We

are compelled to deal with facts, as they are presented by the record.

5. The evidence elicited from the witness was wholly illegal, and the objection to its admissibility should have been sustained. It had no tendency to prove the offence with which the defendant was charged. The witness may have had many good reasons for objecting to the visits of his son to the house of the defendant, other than that it was a house of the kind charged in the indictment, and so may his wife. Nor was it permissible for the witness to state that *he had reasons for believing* his son was in the habit of visiting the house. Those reasons may have been, and probably were, all founded on hearsay. Nor was there shown any fact, with which the frequency of the son's visits was connected, which tended to show the character of the house.

6. Disturbance of the public peace is not an essential element of the offence charged against the defendant.—*Commonwealth v. Garnett*, 1 Allen, 7. The defendant may not have consented to any such disturbance, and on its occurrence, may have employed all the means at her command to prevent or to suppress it, yet, if she kept a house for prostitution, frequented by lewd persons of both sexes, the offence is complete. The court did not err, in rejecting the evidence proposed, of her applications to the civil authorities to suppress disturbances on the premises. The fact of such disturbances, was of more or less weight against her, dependent on their cause and frequency, and the character of the persons engaged in them.

7. The evidence of the witness Wood was irrelevant. The character of the conversation he heard is not shown, nor any fact which in the least affects the fame of the house or of the defendant. No higher duty rests on the court, than the exclusion of evidence wholly irrelevant. The party against whom it is offered, can not be supposed to anticipate its introduction, and be prepared to explain or contradict it. Nor can its effect on the jury be known, or removed certainly; and its tendency is to distract their attention from the real issues, and the material, relevant evidence.

It is not necessary to notice any other question presented by the record. The judgment is reversed, and the cause remanded, but the defendant must remain in custody until discharged by due course of law.