IN THE MATTER OF THE ESTATE OF CHARLES H. BENNETT, DECEASED, ON THE APPEAL OF HENRY HAMPER.

*Peremptory challenges—Proof of claims—Partnership.*

The statutory right of challenging peremptorily may be exercised so long as the jury is not sworn, and notwithstanding the previous declaration of the party exercising it that he is satisfied with the jury.

In proving a claim against an estate for services as a practical mechanic and miller in superintending the construction of a mill and in running it, witnesses may properly be asked what claimant's services therein were worth, or what they were worth per month.

An arrangement by which one person is to share the profits of a business with another does not make him a general partner in any such sense as to deprive him of his right to certain additional specific compensation which has been agreed upon.

Error to Wayne. (Speed, J.) June 6.—June 20.

Appeal from disallowance of claim against estate. The estate brings error. Affirmed.

*Moore & Moore* for appellant.

*Moore, Canfield & Warner* for claimant. Where a claim against an estate is for personal services rendered between dates specified, the claimant has a right to go to the jury upon any contract, either express or implied, which makes out to their satisfaction a fulfillment giving a cause of recovery: *Engle v. Campbell* 42 Mich. 565; where one works for another the law implies a request therefor and a promise to pay what the labor is reasonably worth, unless it

is shown that it was rendered gratuitously, or under circumstances that repel the presumption of a promise of compensation: Wood's Master & Servant § 67; *Lewis v. Trickey* 20 Barb. 387; *O'Connor v. Beckwith* 41 Mich. 657; *Torrey v. Young* 39 Mich. 429; *Guild v. Guild* 15 Pick. 129; *Dougherty v. Whitehead* 31 Mo. 257; *Hart v. Hart* 41 Mo. 441, 445; *James v. Bixby* 11 Mass. 34; *Trustees v. Allen* 14 Mass. 175; and the burden of proving the gratuitous character of the service, or that it was rendered under circumstances that repel such presumption, is on defendant: *Livingstone v. Ackeston* 5 Cow. 531; *Jacobson v. LeGrange* 3 Johns. 199; participation in profits does not of itself make one a general co-partner: *Beecher v. Bush* 45 Mich. 188.

SHERWOOD, J. Hamper presented a claim for his personal services, rendered for Bennett in his life-time, to commissioners on claims, which was disallowed. He appealed to the circuit court, where, on a trial had before a jury, his claim was allowed, and the estate brings error.

The counsel for the claimant was permitted, against objection, to peremptorily challenge a juror after he had once announced himself satisfied with the jury, but before they were sworn. It was the claimant's right to make such challenge. *Hunter v. Parsons* 22 Mich. 96; *Jhons v. People* 25 Mich. 499. The question of order of challenge is one of practice and discretionary with the trial court. Peremptory challenge, so far as it extends, is a right secured by statute, of which neither party can be deprived until the jury are sworn.

The claimant was a practical mechanic and miller, and his claim was for labor done for the deceased in his life-time, in superintending the construction and in taking charge of and running the mill. In making proof of his claim, witness Pool was asked what claimant's services were worth per month; witness Webster was asked what were his services worth for superintending and running the mill; and witness Mansfield what his services were worth as a

miller or a practical mechanic overseeing the construction of mills. These questions were all answered, against the objection of counsel for the estate that they were "incompetent and immaterial." It is difficult to conceive of questions more simple or elementary than those in eliciting the proof proper and necessary to establish the claim presented by Hamper.

Counsel for the estate claimed upon the trial that Hamper was partner with the deceased when the services claimed for were rendered, and that they were rendered to the firm, and there was testimony given tending to show that there was an agreement to that effect; also that Bennett was to give Hamper fifteen hundred dollars per year and half of the net profits of the mill for his services.

The court charged the jury in substance that Hamper should in some way be compensated for his labor in constructing the mill, and he was entitled to it in his claim, unless he had entered into some arrangement with Bennett which would preclude him from it. The court also further instructed them it would be proper for Hamper to make an arrangement for compensation for his services by which he should have fifteen hundred dollars per year, and in addition a share of the profit of the milling business which he had the charge of, and that the agreement for a share of the profits would not make him such a general partner as to prevent his recovering the fifteen hundred dollars; and it is claimed that herein the court erred.

These charges were correct, and we fail to discover upon what legal ground they could ever have been deemed otherwise. *Ambler v. Bradley* 6 Vt. 119; *Dry v. Boswell* 1 Camp. 330; *Reed v. Murphy* 2 Greene (Iowa) 574; *Benjamin v. Porteus* 2 H. Bl. 590; *Hall v. Edson* 40 Mich. 651; *Beecher v. Bush* 45 Mich. 188.

The record shows no error in the case, and the judgment must be affirmed with costs.

The other Justices concurred.