No. 501.

## WHITLOCK v. THE STATE.

CRIMINAL LAW.—*Keeping House of Ill-Fame.*—*Evidence of General Reputation of Defendant.*— *When Admissible.*—In an action for the alleged keeping of a house of ill-fame, where evidence has been introduced showing that the defendant was the keeper of such house, testimony of the general reputation of the house, of the persons frequenting the same, and of the defendant, is admissible.

SAME.—*House of Ill-Fame.*—*Evidence.*—*Character of Inmates and their Conversation.*—The character of women in the alleged house of ill-fame and the character of their conversation while there was competent evidence.

From the Sullivan Circuit Court.

*J. S. Bays,* for appellant.

*W. L. Slinkard,* Prosecuting Attorney, and *C. D. Hunt,* for the State.

NEW, J.—The appellant was indicted under the first clause of section 1994, R. S. 1881. That section reads as follows:

· "Whoever keeps a house of ill-fame, resorted to for the purpose of prostitution or lewdness; or knowingly lets a house to be so kept; or knowingly permits a house which he has let to be so kept,—shall be fined not more than one hundred dollars nor less than ten dollars, to which may be added imprisonment in the county jail not exceeding six months."

There was a trial by jury and verdict of guilty, fixing the punishment at $25. Judgment was rendered upon the verdict over a motion for a new trial.

The appellant has assigned as error the overruling of a

motion to quash the indictment, and the overruling of the motion for a new trial.

Counsel for the appellant does not, in his brief, question the sufficiency of the indictment. The assignment of error relating thereto is therefore waived.

The only questions discussed by counsel relate to the evidence and arise upon the motion for a new trial.

It is claimed by counsel for the appellant that the court erred in permitting the State to prove that the appellant's reputation for chastity was bad in the community in which she lived.

If the prosecution was not upon the first clause of the statute quoted, we might hesitate to hold that this evidence was proper, but as it is it would seem to be competent. The character of the house in such cases may be shown by proving actual lewd conduct therein, or it may be proved by circumstances. If the accused be a prostitute herself, in personal possession and occupation of the house, keeping it herself and for herself, the fact that she was a prostitute would certainly be a circumstance proper to be considered by the jury in determining whether the house was being kept by her as a house of ill-fame, and resorted to for the purpose of prostitution and lewdness.

In *Betts* v. *State*, 93 Ind. 375, which was a prosecution on the same clause of the statute involved in the present case, it was held that the fact that the house was reputed to be one of ill-fame, as also that those persons who frequented it, and the defendant, were persons of bad character for chastity and virtue were circumstances proper to be considered by the jury.

In *State* v. *Brunell*, 29 Wis. 435, the court said:

" We think the correct rule of evidence in this case and in like cases, is, that the prosecution must in the first instance introduce testimony showing or tending to show that the defendant is the keeper of the house alleged to be a

common bawdy house; and then testimony of the general reputation of the house, of the persons frequenting the same, and of the defendant, is admissible, as tending to show the real character of the house.    The prosecution is not required to show particular acts of lewdness or prostitution in the house.    If the evidence demonstrates that it is resorted to by people of both sexes who are reputed to be of lewd and lascivious character, and that it is generally reputed to be a bawdy house, the jury are authorized, if they see fit, to find therefrom that it is a bawdy house.    And the more especially are they authorized so to find, if it further appears that the general reputation of the keeper of the house is as bad as the reputation of those who frequent it."

The State was also permitted to prove, over the appellant's objection, that persons, males and females, of bad reputation for chastity frequented the house while it was kept by the appellant.    This evidence was competent, as we have seen.    Upon that question we further cite: 2 Bishop Crim. Proc. (3d ed.), section 112 ; Gillett Crim. Law, section 713, and cases there cited.

It was shown by the State, over the objection of the appellant, that one of the male frequenters of the appellant's said house had the reputation of visiting houses of ill-fame. It had already been shown that the reputation of this witness for chastity was bad.    If the court erred in permitting this evidence to be heard, we do not believe it was, under the facts of this case, as presented by the record, harmful to the appellant.    Section 1891, R. S. 1881, provides that "In the consideration of the questions which are presented upon an appeal, the Supreme Court shall not regard technical errors or defects or exceptions to any decision or action of the court below, which did not, in the opinion of the Supreme Court, prejudice the substantial rights of the defendant."

The State introduced testimony from which it appeared that a female who frequented said house quarreled therein with one Corbin, accusing him of having called her a whore.

Whitlock *v.* The State.

The appellant was present, and took from said Corbin a poker which he held in his hand. Said female's reputation for chastity had been shown to be bad. A motion by the appellant to strike out this testimony was overruled by the court.

We do not think the refusal of the court to sustain the motion was error.

The character of women in the house, and the character of their conversation while there, was competent. Its importance was for the jury to determine. *State* v. *McGregor*, 41 N. H. 407; *Commonwealth* v. *Kimball*, 7 Gray, 328.

We can not, as we are asked to do, reverse the case on the evidence.

It was shown that the house kept by the appellant was bad, and that it was reputed to be a house of ill-fame. In addition to this is the bad reputation for chastity of the appellant and males and females who frequented the house during the period mentioned in the indictment.

There was also evidence, other than reputation, from which the jury might infer that the house was kept and used by the appellant for the purpose charged.

No evidence was introduced by the appellant. She was accorded a fair trial, and the punishment assessed was not severe.

The judgment is affirmed, with costs.

Filed April 1, 1892.