The Pastime v. State ex rel.

THE PASTIME *et al.* v. STATE *ex rel.* POWERS, CITY AT-
TORNEY.

(*Knoxville.*   September Term, 1917.)

**INTOXICATING   LIQUORS.**   Liquor   nuisance.   Abatement.
Evidence.   Keeper's reputation.

As tending to show the character of the place sought to have de-
clared a liquor nuisance and suppressed, evidence of the reputa-
tion of the keeper is competent.

Cases cited and approved:   State v. Hendricks, 15 Mont., 194;
State v. Worth, R. M. Charlton (Ga.), 5; Davidson v. State, 76
Tex. Cr. R., 196; Whitlock v. State. 4 Ind. App., 432; Sparks v.
State, 59 Ala., 82; State v. McDowell, 1 Dud.(S. C.), 346; State v.
Brunell, 29 Wis., 435; State v. Price, 115 Mo. App., 656.

Code cited and construed: Sec. 5164a4 (T.—S.).

FROM KNOX.

Appeal from the Circuit Court of Knox County, to
the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—
VON A. HUFFAKER, Judge.

F. C. HOUK and CHARLES T. CATES, JR., for appel-
lants.

J. PIKE POWERS, JR., City Attorney, for appellees.

Mr. Justice Williams delivered the opinion of the Court.

A petition was filed by the State, on relation of J. Pike Powers, city attorney of Knoxville, to have declared a nuisance The Pastime, as a place of business for the sale of intoxicating liquor in violation of law, conducted by defendant Lester Rogers, where sales were alleged to have been made by defendant Newman. The owner of the building, Patterson, was also made a defendant.

The allegations are those usually appearing in a petition filed under what is popularly known as the "nuisance act," referred to below.

The circuit judge and the court of civil appeals were alike of opinion that, on the proof admitted by the former on the trial of the cause, a nuisance existed. But the appellate court entertained the view that the trial judge held certain testimony offered by the State to be competent that was not admissible; that the same was so material that reversible error was committed; and, further, that when that testimony was disregarded there was not a showing made that sufficed to sustain the judgment against defendants pronounced in the court of first instance. The judgment was therefore reversed, and the relator has filed a petition for *certiorari*, assigning error on said ruling.

The testimony so held to be incompetent by the appellate court followed testimony of witnesses in regard to the reputation of the place.

Testifying in behalf of the State, it was deposed as follows:

"Mr. Powers: What is the reputation of Lester Rogers, as to his line of business?

"Mr. Houk (for defendants): You can't prove the reputation of the defendant; this is an action against the property; the evidence must be confined to the place, and not go to the person.

"The Court: I overrule the objection.

"Witness: He sells whiskey, according to his reputation.

"Mr. Houk: We note an exception to the question and answer."

The court of civil appeals cites as authority for its ruling an excerpt from 7 Enc. Evidence, 751, to the effect that:

"Evidence of common reports that the defendant was engaged in the unlawful selling of liquor is incompetent."

This refers to a trial on an indictment for the misdemeanor of selling liquor illegally and to civil suits by private individuals for damages against the seller of liquors; and the rule is manifestly sound. But is it applicable in a proceeding triable according to the forms of chancery to suppress by injunction a selling of liquor at a place or stand as one of disorderly character?

Pub. Acts of Second Extra Sess. 1913, chapter 2 (Thompson's Shannon's Code, section 5164a4), under which this action was brought, provides in section 5 that evidence of the general reputation of the place where the nuisance is alleged to exist shall be admissible for the purpose of proving or tending to prove the existence

of such nuisance; and places for the sales of liquor are placed by the act in a class with bawdy houses.

The court of civil appeals, while admitting that proof of the character of the place by its reputation is admissible, argues that the statutory provision respecting such reputation is limited to proof of the reputation of the place, and that, under a familiar rule of construction, there is excluded evidence of the reputation of a person—the keeper of the place.

This is not correct, however, if the reputation of the keeper may be shown as bearing upon the reputation of the place. Whether this may be done the authorities are in disagreement.

The most apposite rulings are those in reference to disorderly houses. The authorities unanimously, or quite so, are to the effect that the general reputation of the inmates of a bawdy house may be proved as tending to show the character of the place. A number of courts hold that, as the keeper is an inmate of such house, it is competent to show her reputation; and we think this is the sounder view. *State* v. *Hendricks,* 15 Mont., 194, 39 Pac., 93, 48 Am. St. Rep., 666; *State* v. *Worth,* R. M. Charlton (Ga.), 5; *Davidson* v. *State,* 76 Tex. Cr. R., 196, 173 S. W. 1039; *Whitlock* v. *State,* 4 Ind. App., 432, 30 N. E., 934; *Sparks* v. *State,* 59 Ala., 82; *State* v. *McDowell,* 1 Dud. (S. C.), 346; *State* v. *Brunell,* 29 Wis., 435; *State* v. *Price,* 115 Mo. App., 656, 92 S. W., 174. The ruling had been to the contrary in earlier Texas cases.

The Pastime v. State ex rel.

We are of the view that the trend of the later and better cases is in favor of the rule we adopt. It seems difficult to justify on substantial grounds a distinction between an inmate and a keeper who is an inmate. Certainly, when the gravamen is not criminal liability, but the *status* of a place sought to be closed, the testimony should be competent. We so hold.

The proof would be a circumstance to be looked to. We do not mean to indicate an opinion that proof of the reputation of the keeper, alone or in conjunction with proof of the place's reputation, would be sufficient to sustain a judgment without other facts being shown. Reversed, and decree rendered here against defendants Rogers and Newman. The evidence does not warrant a decree against Patterson, the owner of building in which the "Pastime" was run.

Other assignments of error are overruled. Reverse the judgment of the court of civil appeals, and affirm that of the circuit court, so far as is indicated above.