## SCHULTZ v. STATE OF INDIANA.

[No. 24,883.   Filed April 18, 1928.]

*James M. Burns,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *George J. Muller,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant was indicted, tried and convicted in the Lake Criminal Court of keeping a "house of ill-fame" (§2562 Burns 1926), and judgment followed. Appellant's motion for a new trial specifying causes—verdict contrary to law and not sustained by sufficient evidence; the admission of certain testimony over appellant's objection, and the court's refusal to strike it out—was overruled and this ruling is assigned as error.

Our conclusion, after having carefully examined the record and briefs of counsel for appellant is, that the verdict is contrary to law only in case it is not sustained by sufficient evidence.

On the evidence, appellant makes the point that it fails to show that appellant kept a house, and that it was "resorted to for the purpose of prostitution or lewdness." First noticing the questions and admitted answers over objection, and motions to strike out on the ground of a conversation had without the presence of appellant, it is sufficient to say that the statements of the girls as to price; that they were examined each week by a doctor, and on a particular evening "they had a few more [girls] working," considered in connection with all the circumstances present, and the conversation certain witnesses claimed to have had with appellant on the same evening on the same subjects, corroborative of the girls, except no mention of price, was admissible. 18 C. J. 1269, §98.

Over objection, because not in issue, the state was permitted to show by two witnesses that the general reputation of the appellant for chastity and virtue was bad. On the question of the admission of such evidence, the decisions of the courts of last resort in the various jurisdictions of this country are in

direct conflict. · *State* v. *Hull* (1893), 18 R. I. 207, 20 L. R. A. 609 and note; 9 R. C. L. 226, §11; 18 C. J. 1268, §97. This jurisdiction, however, seems to have adopted the Wisconsin and South Carolina rule (*State* v. *Brunell* [1872], 29 Wis. 435; *State* v. *McDowell* [1838], 1 Dudley [S. C.] 346), permitting the state to make such proof as a part of its original case. *Betts* v. *State* (1884), 93 Ind. 375, 378; *Whitlock* v. *State* (1892), 4 Ind. App. 432, 30 N. E. 934; see, also, *Sparks* v. *State* (1877), 59 Ala. 82; *State* v. *Hendricks* (1894), 15 Mont. 194; 18 C. J. 1268, §97.

Secondly, looking to the evidence before the jury most favorable to the state, as we must do, we have witnesses, one claiming to be an investigator for the United States Public Health Service, and another who said he was engaged in the cleaning and dyeing business, both of Hammond, Indiana, testifying that they had made a number of visits between February 21 and June 16, 1924, to No. 1121 Washington Street in Gary, Indiana, which number had reference to a two-story building, the ground floor front room occupied as a cigar and soft drink stand, and in the rear thereof living rooms. The second story had five or six bedrooms and a general reception room at the head of the stairs. These witnesses noted the dates of five of their visits and stated that they were there a number of other times of which they made no memorandum. On each of the five occasions, usually between eight and ten o'clock in the evening, without objections from any one, they inspected the premises, upstairs and down. On each of these visits, they observed men in the room at the head of the stairs, and three or four girls, variously clad, going and coming from the bedrooms with men, and inviting men into their rooms. On one of these occasions, on invitation of one of these girls, pajama dressed, the investigator accompanied her to her bed-

room, closed the door, remained there from ten to fifteen minutes, during which time he was told that she was examined once a week, and the price was $2. These witnesses also referred to an interview had with this appellant in which she told them that she had her girls examined every week, that she was running a clean place, and that she was the owner and had charge of the building. A doctor of Gary testified that, during the months of May and June, he visited 1121 Washington Street, Gary, three or four times and made a vaginal examination of some "women or girls there," and was paid by the party examined. Did not know appellant, and made these calls at the request of another doctor of Gary.

It will serve no good purpose to give a further recital of the state's evidence covering fifty-eight typewritten pages of the record, or refer to the evidence on behalf of appellant, some of which tended to show she controlled the building, for if there is legal evidence, circumstantial or conflicting, to support the verdict, it is not our province to interfere with it. There was evidence before the jury tending to support each essential element of the offense charged. Hence, we cannot disturb the judgment of the trial court.

Judgment affirmed.