ESTEP *v.* STATE.

(*Knoxville,* September Term, 1951.)

Opinion filed December 14, 1951.

BANKS, STREET & BANKS, and R⸍     NELSON, all of Elizabethton, for appellant.

KNOX BIGHAM, Assistant Attorney General, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error has appealed from a conviction of the crime of having carnal knowledge of a young girl, fifteen years of age, in violation of the statute, commonly known as "The Age of Consent Law". The jury fixed his punishment at not less than three and no more than ten years in the State penitentiary. The only assignment of error is the following: "The Court erred in allowing the State to peremptorily and without any stated cause whatever, challenge juror Bob Green, over defendant's objection, after he had been expressly accepted by both the State and defendant, and was in the act of taking his seat in the Jury Box as the twelfth juror. The result was that the defendant was called upon and did accept thirteen jurors while being limited to the usual statutory number of peremptory challenges."

The record shows without dispute that at the time the State was permitted to challenge peremptorily the juror, Green, over the defendant's objection, the latter had not exhausted his number of peremptory challenges, nor had the State exhausted its number of peremptory challenges. When the twelfth juror was selected the trial judge made the following statement to defendant's counsel, "Do you

want to excuse the twelfth juror, or any other juror, you still have three challenges?'' Mr. Street for the defendant replied, ''No, your Honor.'' Following the selection of the twelfth juror the jury as a whole was sworn according to law to try the case.

The case most strongly relied on in support of the assignment of error is *McLean* v. *State,* 1 Shannon's Tenn. Cas. 478, 482, in which the Court held that the defendant did not have the right to exercise a peremptory challenge of a juror who had been accepted by both sides, and before the jury was sworn.

It is urged upon us that inasmuch as the defendant has no right under the foregoing authority to exercise a peremptory challenge, following a juror's acceptance, the State should not be permitted to do so, and upon this ground, the case should be reversed.

There is a requirement by statute that the defendant shall be furnished a list of the veniremen within a reasonable time before the beginning of the trial. We presume that such a list was furnished the defendant in the case at bar. But there is no statutory provision relating to the time when the State or the defendant is required to exercise a peremptory challenge.

At the time *McLean* v. *State,* supra, was decided (1878) the Court evidently did not wish to be bound by the opinion as stating a sound rule to be followed in *all cases,* because its publication was not authorized. Since that time the question has not been before us for our consideration.

The identical question presented on this appeal, however, was before Judge Hammond of the United States District Court for Middle Tennessee, and there the counsel for the defendant relied on the McLean case to sus-

tain his objection to the United States District Attorney exercising a peremptory challenge of a juror after both the Government and the defendant had accepted him. In a most exhaustive and learned opinion, *United States* v. *Davis,* C. C., 103 F. 457, 463, in which he reviewed the history and practice of jury trials in Tennessee and especially the time when peremptory challenges should be exercised, he refused to follow the ruling in the McLean case. He discussed a number of our decisions holding that "for any good cause" the Court might discharge a juror after being selected and before the entire jury was sworn. *Hines* v. *State,* 27 Tenn. 597; *Lewis* v. *State,* 40 Tenn. 127. These and other cases are cited as indicating *"how open the jury is, until it is sworn, to challenge and change."* (Emphasis supplied.)

While *McLean* v. *State,* supra, is supported by a number of cases from other jurisdictions as shown in Volume 3, A. L. R. (2d) 501, and 31 American Digest, Sections 620 and 621, there are many cases to the contrary, some of them being governed by statutory provisions. In *Sparks* v. *State,* 59 Ala. 82, it is held, "A peremptory challenge is too late when interposed after defendant and his counsel have expressed satisfaction with the jury as organized." To the same effect is *State* v. *Durr,* 39 La. Ann. 751, 2 So. 546; *Stewart* v. *State,* 50 Miss. 587.

Some of the many cases to the contrary are the following: thus in *People* v. *Carrier,* 46 Mich. 442, 9 N. W. 487, it was held, though a juror has taken his place in the jury box, and both parties profess to be satisfied with him, yet he may be peremptorily challenged by the prosecution before he is sworn. In the *Appeal of Hamper,* 51 Mich. 71, 16 N. W. 236, the Court held that *either party* may exercise such a challenge before the jury is sworn. To the same effect see *Mann* v. *State,* 23 Fla. 610, 3 So.

207; *State* v. *Vestal,* 82 N. C. 563; *Stanley* v. *Commonwealth,* 1944, 296 Ky. 548, 178 S. W. (2d) 12.

In Abbott's Criminal Trial Practice, Sections 214 and 220, it is said:

*"Mode of Exercising Challenges.*—Unless otherwise provided by statute, the accused has a right to require the prosecution to exercise its right of peremptory challenge as to any individual juror, before the accused is required to do so, either expressly or by proceeding in a manner indicating that he has elected not to do so."

*"Order of Challenge.*—In the absence of statutory regulation or a general rule of court, it rests in the discretion of the court to determine the order in which the right to challenge shall be exercised."

▮ It is settled law in this State that the "mode of exercising challenges", as well as the "order of challenge", rests within the sound discretion of the trial judge. In *Mahon* v. *State,* 127 Tenn. 535, 546, 156 S. W. 458, 461, it is said: "The Constitution of this state, guarantees to the accused a fair and impartial trial, which necessarily includes a trial before a fair and impartial jury. The Constitution does not secure to him the right to challenge proposed jurors peremptorily. This is a privilege only granted to the accused as a matter of * * * grace by the Legislature." " 'The right to challenge is a right to reject, not to select a jury.' " *Wooten* v. *State,* 99 Tenn. 189, 41 S. W. 813, and cited with approval in *Mahon* v. *State,* supra.

In the case of *Long* v. *State,* 187 Tenn. 139, 145, 213 S. W. (2d) 37, 40, opinion by GAILOR, Justice, the Court cites with approval *Mahon* v. *State,* supra, with this additional comment: "When the record shows that the jurors were 'elected, impaneled, tried and sworn,' it is presumed that they were fair and impartial jurors *since*

*the Trial Judge has the exclusive right to pass upon the selection of jurors. Hughes* v. *State,* 126 Tenn. 40, 88, 148 S. W. 543, Ann. Cas. 1913D, 1262; *Turner* v. *State,* 28 Tenn. 119; *Isham* v. *State,* 33 Tenn. 111; *McBean* v. *State,* 50 Tenn. 20, 24." (Emphasis supplied.)

Where twelve veniremen have been passed by the State and accepted by the defendant there is no injustice to the latter for the trial court to permit the State to peremptorily challenge a juror where the defendant has not exhausted his peremptory challenges, and provided the defendant is granted the same privilege. In most cases, if not in all, such a rule would be advantageous to the accused. It is a matter of common knowledge that in many instances it requires days and sometimes weeks to secure twelve unbiased jurors. During that time and before the jury is completed and sworn, the defendant and his friends may have learned facts which would justify a challenge for cause, or a peremptory challenge of a juror already accepted, but not sworn. There is no reason why the trial judge should not allow such a challenge. Since the State is entitled to a fair, impartial and unprejudiced jury, the same as the defendant, its right of challenge under the same circumstances should be granted.

The assignment of error is overruled, and the judgment of the trial court is affirmed.