## JOHNNY WALLIS, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. Nov. 14, 1969.

Certiorari Denied by Supreme Court Jan. 5, 1970.

John T. Henniss, Chattanooga, for plaintiff in error.

George F. McCanless, Atty. Gen., W. Collins Bonds, Asst. Atty. Gen., Nashville, Gerald Summers, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

DWYER, Judge.

Defendant in the trial court, Johnny Wallis, was convicted in the Criminal Court of Hamilton County, Ten-

nessee. He was found guilty by a jury of committing the offense of burglary in the second degree and they assessed his punishment at confinement in the State Penitentiary for a period of time of not more than three years. His motion for a new trial having been overruled, he seasonably prayed an appeal to this Court.

The facts of the case are that Mr. Edwin Covington's home in East Ridge, Hamilton County, Tennessee, was burglarized during the daytime on October 11, 1967. Mrs. Don Mathis, a neighbor, testified that on the day in question her attention was attracted to the Covington's residence. She observed from her kitchen window a white pick-up truck parked in the driveway of the Covington's residence. She noticed two men loading furniture onto the truck. She called the police. Prior to the police arriving the two men got into the truck and left. She gave a report of this occurrence to the officers, which resulted in the arrest of the two men later in the day. Chief of Police Parham testified he arrested James Fulmer and John Wheeler, Jr., two of the men responsible for the burglary. At the time of the arrest they were in a drive-in restaurant. The officers had noticed the truck in the parking lot and arrested them in the restaurant. They were transported to headquarters where Mrs. Mathis identified them as the burglars. Chief Parham related at the time of the arrest he found on the floorboard of the truck a white Tennessee license plate. He got a registration on this plate and found that it had been issued to the defendant Johnny Wallis in 1967. In the trial the State called as a witness the accomplice John Wheeler, Jr. He testified that the defendant had approached him with the idea of burglarizing a house and

that they would need someone with a pick-up truck. He talked to a friend of his by the name of Jim Fulmer who owned a pick-up truck. The three in concert agreed to burglarize the Covington home. Wheeler testified that Fulmer's pick-up had Georgia license plates which were yellow; that Wallis had provided them with his last year's Tennessee license plate; that Wallis put this on the pick-up truck and had bent the plate so that the numbers were not easily discernible. He testified that Wallis's home was only a short distance from the Covington residence; that he and Fulmer went from the Wallis home through some woods to the Covington residence, broke in and piled all of the furniture and belongings near the back door. They left, returned to the Wallis residence, got the truck, returned and loaded the truck with the articles they had placed near the rear door. They then left, met Wallis, who was with another person, unloaded the articles and placed them, at Wallis's directions, in a vacant house in East Ridge. They divided something like thirty dollars in currency among them. The agreement was for Wallis to sell the merchandise and they would divide the proceeds. There was a discussion about changing the plates on the truck but Wallis had left the Georgia plates at his house.

They agreed to meet at the restaurant for the purpose of exchanging the plates, where they were arrested. Wheeler testified they met Wallis and he gave them the Georgia plates; that Wallis left before he had removed the Tennessee plate from the truck, stating he was in a hurry and would get it later on. Wheeler removed the plate and had placed it on the floorboard of the front seat where Chief Parham had found it; that he had

known the defendant Wallis personally for two years prior to the burglary. He had received three to ten years' sentence on a guilty plea to concealing and receiving. The defendant did not testify and offered no proof.

The defendant's assignments of error and a discussion of them follow.

Assignment of error number one states that the trial court erred in permitting the State to challenge the composition of the jury by a peremptory challenge after having accepted the jury as satisfactory.

■ Defendant's first assignment of error is evaluated and found to be without merit. The record reflects that the State exercised a peremptory challenge after it had conditionally accepted twelve jurymen and had passed the jury to the defendant. It appears the District Attorney prosecuting the case had called to the Court's attention that a juryman accepted by the State had been an infractor of the law at one time. The court permitted the District Attorney to exercise a peremptory challenge excusing the juryman. At the time of this challenge the defendant had not exhausted his challenges.

In Estep v. State, 193 Tenn. 222, 245 S.W.2d 623, Mr. Justice Neil, speaking for the court, stated:

"It is settled law in this State that the 'mode of exercising challenges,' as well as the 'order of challenge', rests within the sound discretion of the trial judge.

\*    \*    \*    \*    \*    \*

"Where twelve veniremen have been passed by the State and accepted by the defendant there is no injustice to the latter for the trial court to permit the

State to peremptorily challenge a juror where the defendant has not exhausted his peremptory challenges, and provided the defendant is granted the same privilege. In most cases, if not in all, such a rule would be advantageous to the accused. It is a matter of common knowledge that in many instances it requires days and sometimes weeks to secure twelve unbiased jurors. During that time and before the jury is completed and sworn, the defendant and his friends may have learned facts which would justify a challenge for cause, or a peremptory challenge of a juror already accepted, but not sworn. There is no reason why the trial judge should not allow such a challenge. Since the State is entitled to a fair, impartial and unprejudiced jury, the same as the defendant, its right of challenge under the same circumstances should be granted."

Estep v. State, *supra,* specifically overruled McLean v. State, 1 Shan.Tenn.Cas. 478, relied upon by the defendant. We can find no abuse of the trial court's discretion in allowing the State, before the juror was sworn, to peremptorily challenge the questioned juror.

■ Turning our attention to defendant's assignment of error number two, that the trial court erred in failing to declare a mistrial at the conclusion of the State's proof when there was no corroboration of the testimony of the accomplice, this assignment has caused the court some concern. We did not lightly arrive at our conclusion. This court, in arriving at its conclusion, did so after researching and reading the authorities cited by the defendant and the State and the court's own independent research. The question: Is there corroboration

of the accomplice Wheeler's testimony sufficient to support the verdict? The supporting or corroborative evidence of the accomplice in this record was the license plate found in the truck of Fulmer by Chief Parham. This license plate was proven to have been issued to the defendant Johnny Wallis. It was found in the truck which was used in the burglary to haul away the stolen merchandise within a short period of time after the commission of the offense. The accomplice Wheeler was identified as one of the burglars by Mrs. Mathis. The defendant insists that this license plate is not sufficient corroboration of the testimony of the accomplice Wheeler. If this is so, then under our law the conviction must fall. There is no set formula of law to measure what is and what is not corroboration. Each case must depend upon its own facts and circumstances. We deduce from our research and from authorities cited that there are two propositions involved:

> "The degree of evidence which shall be deemed sufficient to corroborate the testimony of the accomplice is for the determination of the jury. The law is complied with if there is some other evidence fairly tending to connect the defendant with the commission of the crime, so that his conviction will not rest entirely upon the evidence of the accomplice." Clapp v. State, 94 Tenn. 186, 30 S.W. 214.

In Sherrill v. State, 204 Tenn. 427, 321 S.W.2d 811, our Supreme Court had this to say:

> "* * * We very firmly believe that the testimony of a child as an accomplice should be corroborated. This being true we hold that under a conviction on the un-

corroborated testimony of an accomplice even though a child, where there is no corroboration whatsoever then the Court as a matter of law should declare a mistrial and if the State cannot produce corroborative evidence the District Attorney General should nolle the case, the trial court having no authority to direct a verdict. Taylor v. State, 191 Tenn. 670, 235 S.W.2d 818."

■ We deduce from this that where the court finds there was no corroboration whatsoever of the accomplice's testimony and no other proof of guilt, then the court as a matter of law should direct a verdict of not guilty, which authority has now been given to the trial court by the Legislature in its wisdom. Do we have this situation in this record? We do not. There is evidence independent of the accomplice's testimony. Then if there is, under our interpretations of the law, this testimony and evidence should be submitted to the jury for its determination. In the Sherrill v. State case, *supra,* there was no corroboration whatsoever of the child accomplice's testimony. The verdict was based entirely on the naked testimony of the child accomplice.

In Sherrill v. State, *supra,* our court said:

"Generally speaking, the sufficiency of corroborative evidence is a question for the jury, but whether there is any corroborative evidence tending to connect the defendant with the commission of the crime is a question for the Court.

'Numerous cases are cited as authority for this statement. We have examined some of them. To us it is a sound practice to follow. We approve of

the practice and so hold that when there is *any evidence * * * to corroborate the accomplice* then under proper instructions from the Court and the jury defining accomplices, etc., *this question should be submitted to the jury.* Where there is *no evidence* though to corroborate these accomplices it is a question of law for the Court.' " (emphasis added)

The weight of the corroborating testimony and the question as to whether or not the testimony of the accomplice is so corroborated as to establish the connection of the accused with the crime are questions for the jury to determine. That is to say, when the trial judge finds that there is some corroborative evidence, it is his duty to submit it to the jury for them to say, first, whether it is worthy of belief, and second, whether, if true, it tends to connect the defendant with the commission of the crime charged.

"The sufficiency of corroborating evidence depends upon the particular facts of each case. When the testimony of an accomplice must be corroborated, it is not necessary that the accomplice be corroborated as to every fact to which he testifies, or that the independent evidence be sufficient, of itself, to establish the defendant's guilt. The corroboration need not extend to every fact of the accomplice's evidence. If the accomplice is corroborated as to some material fact or facts, the jury may from that infer he speaks the truth as to all. It is not enough that the corroborating evidence creates a suspicion of the defendant's guilt. However, it is not necessary that the corroborating evidence establish guilt beyond a reasonable doubt, beyond a probability, or even that it establish a prima

facie case. The corroboration need not be conclusive. It is sufficient if this evidence, of itself, tends to connect the defendant with the commission of the crime, even though the evidence is slight, and if standing by itself would be entitled to but little consideration." Wharton's Criminal Evidence, 12th Edition, § 469, p. 260.

■ Our Supreme Court has repeatedly held that slight circumstances may furnish the necessary corroboration of an accomplice's testimony. Alexander v. State, 190 Tenn. 260, 229 S.W.2d 331; Garton v. State, 206 Tenn. 79, 332 S.W.2d 169.

" '* * * It is not necessary to show by independent proof a link between the accomplice's testimony and corroborative proof; when the proof claimed to be corroborative tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy a jury that the accomplice is telling the truth, it is sufficient. For this purpose, if the accomplice is corroborated as to some material fact or facts, the jury may from that infer that he speaks the truth as to all.' Wharton's Criminal Evidence, Vol. 2, § 754, p. 1272" Binkley v. State, Tenn.Cr.App., 434 S.W.2d 336.

■ It is therefore our judgment, based on the cited authorities, that the trial court did not commit error in allowing the testimony of the accomplice Wheeler to go to the jury. The trial court properly instructed the jury the law applicable to how they were to receive and weigh the testimony of the accomplice Wheeler. Therefore this assignment of error is overruled.

Defendant's assignment of error number three is that the trial court erred in failing to declare a mistrial when the prosecuting attorney argued to the jury in summation that the defendant had failed to explain or refute the State's evidence.

At the time of the remarks complained of made by the District Attorney there was no objection or exception made. The defendant relies on Desmond v. United States, 345 F.2d 225, 14 A.L.R.3d 718 (1st Cir.), as his authority that the court erred in not declaring a mistrial when the prosecuting attorney made improper references to the defendant's failure to call witnesses or offer proof to challenge facts in the State's case. In reading Desmond v. United States, *supra,* we find that timely objection and exception was made to the argument of the prosecuting attorney. That is not the case in this record. There was not an objection or exception made or taken to the prosecuting attorney's argument when he was referring to the license plate and how it had gotten into the hands of the accomplices; whether it had been stolen, lost or what had happened to it. There was an objection and exception when prosecuting attorney commented on no witnesses coming forward to testify that Wheeler was a liar or that Wheeler had said he was out to get Johnny Wallis. In Desmond v. United States, *supra,* the prosecuting attorney commented on the failure of the defendant to call any witnesses to repudiate the Government's case. In that record under the facts and circumstances in that case the conviction was reversed because of the argument on the premises that the only people who had or could have had knowledge of the subject matter was the defendant him-

self or the co-defendant whom as a matter of law he could not call. Desmond v. United States, *supra,* is not the situation we have here in this record.

The Attorney General in his brief has cited Gamble v. State, 215 Tenn. 26, 383 S.W.2d 48, in which our late Mr. Justice Holmes adopted the rule as enunciated in Hays v. State, 159 Tenn. 388, 19 S.W.2d 313. This court stated:

"The distinction running through the authorities seems to be that, while no argument of guilt shall be based on the failure of the defendant to himself take the stand, this immunity does not extend to his failure to offer other witnesses in his defense, in explanation and rebuttal of incriminating facts and circumstances adduced."

We therefore hold in reading this argument in its entirety that the trial court did not err in not declaring a mistrial because of the argument of the prosecuting attorney. Accordingly this assignment is overruled.

All assignments of error being overruled, the judgment of the lower court is affirmed.

OLIVER and RUSSELL, JJ., concur.