452

JOHN SEATON, Alias, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.—472 S.W.2d 905.

May 24, 1971.

Certiorari Denied by Supreme Court October 18, 1971.

Ray E. Gate, Knoxville, for plaintiff in error.

David M. Pack, Attorney General, Lance D. Evans, Assistant Attorney General, Nashville, William Zane Daniel, Assistant Attorney General, Powell, Richard Stair, Jr., Assistant Attorney General, Knoxville, for defendant in error.

GALBREATH, J.   The plaintiff in error appeals from his conviction in the Criminal Court of Knox County of robbery committed with a deadly weapon and the sentence imposed on the jury verdict of thirty (30) years in the penitentiary.

The assignments of error complain of the failure of the trial judge to grant a severance from plaintiff in error's co-defendant and of improper argument of counsel for the State.

The two defendants, plaintiff in error John Seaton and Kenneth Johnson, were indicted and jointly tried for the robbery of one James L. Lee on the evening of Septem-

ber 26, 1969. There are no disputes as to the facts which were submitted to the jury and which proved that on the evening of the robbery the plaintiff in error, who was personally known to the victim, entered Mr. Lee's apartment by breaking a window, and after borrowing five dollars forced Mr. Lee to give him the balance of the money in a wallet. When the victim attempted to resist, he was severely beaten by the defendant and an accomplice whom the victim could not identify. The jury found the plaintiff in error guilty, as aforesaid, but could not agree that the co-defendant was the accomplice and a mistrial was entered as to him.

After the victim and two other witnesses had testified, the privately retained attorney representing the plaintiff in error stated to the court:

"I want to move for a severance because the defendant Seaton has been offered a sentence which is acceptable to him but it's conditioned upon his co-defendant taking the sentence, which his co-defendant Johnson is unwilling to take. I think that's unfair to this defendant."

█ The trial court did not agree with counsel for the defendant. Neither do we. While plea bargaining is a valuable tool in expediting the administration of criminal justice and should be encouraged by the courts in proper instances (see Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, neither the State nor the defendant should be allowed to dictate terms. If an understanding is reached as to a plea and punishment, it should be submitted to the court for approval, and of course in some instances to a jury. But in no instance should the

court enter into the negotiations on one side or the other. It would not have been proper for the court to have granted a severance in this instance purely as a tactic to attempt to force the State to agree on settlement of the defendant's case on his terms.

■ In any event, there could have been no assurance that the State would have settled the plaintiff in error's case if a severance had been ordered. Such a tactic might have removed all advantage from the State's point of view to a settlement, and an even more vigorous prosecution with the aid of the alleged accomplice's testimony might have resulted. Then, too, there was nothing to prevent the plaintiff in error from changing his plea to guilty and gaining such good will from the jury as such an admission might likely be calculated to evoke. He could, under such a procedure, become a witness for the State against whoever his accomplice was, and undoubtedly would have earned a recommendation for clemency if he had. However, these are all matters of speculation that are mentioned only to point out valid reasons why the learned judge was quite correct and within his discretionary right to deny the informal and untimely request for a severance. See Sneed v. State, 221 Tenn. 6, 423 S.W.2d 857.

■■ No objections were interposed to the allegedly improper remarks of counsel for the State during argument, and thus no exception was preserved for appellate review. See White v. State, 210 Tenn. 78, 356 S.W.2d 411; and Wallis v. State, Tenn.Cr.App., 450 S.W.2d 43. The record has been carefully examined; and the matters relied on for reversal, i.e., arguing that the proof was uncontradicted, and that the victim suffered skull fractures

from the beating—a medical fact not in evidence, do not appear to have been prejudicial in light of the facts of the case. The error, if any, was harmless. T.C.A. sec. 27-117.

The judgment is affirmed.

Oliver and Mitchell, JJ., concur.