Gary ALMONRODE, Appellant,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

April 7, 1978.

Certiorari Denied by Supreme Court June 19, 1978.

Landon Colvard, Jr., Crossville, for appellant.

Brooks McLemore, Jr., Attorney General, Robert L. Delaney, Asst. Atty. Gen., Nashville, Bobby H. Capers, Asst. Dist. Atty., Mount Juliet, John C. Knowles, Asst. Dist. Atty., Sparta, R. Laken Mitchell, Asst. Dist. Atty., Cookeville, for appellee.

TATUM, Judge.

## OPINION

The appellant, Gary Almonrode, was convicted of armed robbery, and sentenced to not less than ten years nor more than ten years in the State Penitentiary. On his appeal, he complains of the sufficiency of the evidence, the admission of evidence seized after a search, argument of the District Attorney General, and the Trial Judge's instructions to the jury. The assignments are without merit.

Assignments One and Two challenge the sufficiency of the evidence, so we will summarize the accredited evidence. Rocky German, an employee at a Seven-Eleven Store, testified that around 10:30 or 10:45 P.M. on 1 May 1976, he was robbed by an individual wearing a ski mask and brandishing a pistol that was "silver in color with a black colored handle." There was a "dark spot" on one side of the pistol "up around the trigger." German was robbed of approximately $80 to $85. The appellant was a customer of the store and German knew him. German was of the opinion that appellant was the robber and so informed police immediately after the robbery. His opinion was based on the robber's manner of walking, his height, build, and "mainly from his voice." He saw no automobile on the premises.

On that same night, Billy Hyder, a friend of the appellant, went to the appellant's home in his automobile, arriving there at approximately 10:30 P.M. The appellant came home around thirty to forty-five minutes later, "breathing harder than normal," when he arrived. The appellant went directly to a bedroom for a short while. When he reentered the room where Hyder was waiting, he had a pistol and holster. The appellant told Hyder the pistol and holster belonged to his sister and that it was important for the pistol to be returned that night. At appellant's request, Hyder drove the appellant to the home of his sister to deliver the pistol and holster. Hyder and the appellant then drove to the Seven-Eleven Store while investigating officers were there, and the officers arrested the appellant. Hyder told the policemen about the

trip to appellant's sister's home to deliver the pistol. The policemen promptly procured the pistol from the appellant's sister, and it was admitted into evidence at the trial of this case. The victim, Rocky German, positively identified the pistol, by the distinguishing mark on it, as being the same one used in the robbery.

When the appellant was arrested, he had approximately $70 to $80. After his arrest, he told the police officers he had been drinking beer that evening at Billy Hyder's home.

The appellant testified he went for a walk that night and was sitting alone in a park at the time of the robbery. He said he saw Hyder's car parked at his residence and ran home because Hyder was there, causing him to be short of breath. He stated he had cleaned his sister's pistol and was anxious to return it to her that night because she wanted to take it with her on an outing the next day. The appellant had sold the pistol to his sister about two weeks previous to the robbery. He testified he and Hyder left his home for his sister's home at about 11:15 P.M. They remained at his sister's home five or ten minutes, then drove by the Seven-Eleven Store where the appellant was arrested. His mother and a neighbor testified that he and Hyder arrived at the home of appellant's sister at 11:30 P.M.

We first address ourselves to the assignments attacking the sufficiency of the evidence. We find abundant evidence to support the verdict and it does not preponderate against the verdict. We must therefore overrule Assignments One and Two. *State v. Grace,* 493 S.W.2d 474 (Tenn. 1973); *McBee v. State,* 213 Tenn. 15, 372 S.W.2d 173 (1963).

In Assignment Three, the appellant complains of the District Attorney General using the expression, "the oldest trick in the world," in his final argument. The District Attorney General had reference to the defense counsel using a gun, similar to the one obtained from the appellant's sister, in cross-examining the victim, German. First, we cannot consider this as-

signment of error because no objection was made to the use of this language at trial. If the argument was erroneous, the error was waived. *Rye v. State,* 532 S.W.2d 941 (Tenn.Crim.App.1975); *Canady v. State,* 3 Tenn.Crim.App. 337, 461 S.W.2d 53 (1970); *Wallis v. State,* 1 Tenn.Crim.App. 756, 450 S.W.2d 43 (1969). Further, the Trial Judge has wide discretion in controlling the conduct of counsel with respect to argument. *Hunter v. State,* 222 Tenn. 672, 440 S.W.2d 1 (1969); *White v. State,* 210 Tenn. 78, 356 S.W.2d 411 (1962). We find no abuse of discretion. Assignment Three is overruled.

In Assignment Four, the appellant complains that the pistol allegedly used in the robbery was the fruit of an unlawful search of the home of his sister. The appellant's sister filed a motion to suppress this evidence. At a suppression hearing, the police officers testified that the appellant's sister voluntarily delivered the pistol to them. She testified to the contrary. The Trial Judge correctly held that the appellant had no standing to object to the evidence. The appellant had no interest in the premises searched or in the pistol seized and could make no valid objection to the evidence. *See, Miller v. State,* 520 S.W.2d 729 (Tenn.1975), and cases there cited.

The appellant's sister had no standing to object to the admission of evidence in the appellant's trial. Had the officers not procured the pistol or if it had been returned to appellant's sister, the State could have required her by subpoena to come with the pistol to court. There is no merit in Assignment Four.

In Assignments of Error Five and Six, the appellant complains of the failure of the Trial Judge to instruct the jury on the issue of alibi. It is reversible error for the Trial Judge to fail to instruct the jury on the issue of alibi when the proof *fairly raises* this defense. This rule is applicable when, as here, no special request on this proposition is submitted. *Poe v. State,* 212 Tenn. 413, 370 S.W.2d 488 (1963). It is also established that the failure to charge on this issue does not require a reversal when

the defense has not been *fairly raised* by the evidence. *Manning v. State,* 500 S.W.2d 913 (Tenn.1973).

The victim testified that the robbery took place at about 10:30 or 10:45 P.M. He testified that the robbery lasted two to three minutes and that within two to three minutes after the robbery, he called the City Police Department. Policeman George Wyatt recalled that he was notified of the robbery around 10:30 or 11:00 o'clock P.M., but his arrest report indicated he received information of the robbery at 11:25 P.M., when the appellant was with Hyder. There is no showing that the victim telephoned this officer directly and not through a dispatcher, but we glean a positive indication from the record that this officer was notified of the robbery by means of a police broadcast. The record does not reflect how much time elapsed between the victim's telephone call to the police station and Wyatt's notification. Other city policemen and the sheriff also responded to this robbery alarm and the record does not show how many officers, if any, were at the scene of the robbery when Officer Wyatt arrived, how long they had been there, or the time of their notification. The appellant himself testified that at the time of the robbery, he was alone in the park.

■ The arrest report does not *"fairly raise"* the alibi issue to the point requiring a reversal for failure of the court to give an alibi instruction. While the alibi charge should have been given, we are prohibited by T.C.A. § 27–116 from reversing this case on that ground. We are convinced of the appellant's guilt beyond a reasonable doubt and we are also convinced beyond a reasonable doubt that the omission of the Trial Judge to instruct on the defense of alibi did not affect the result of the trial. We must therefore overrule this assignment. *Manning v. State, supra.*

The judgment of the Criminal Court is affirmed.

O'BRIEN and DAUGHTREY, JJ., concur.